BROWN *v.* HUTCHESON, Judge.

No. 6779.   DECEMBER 11, 1928.

*Aldine & Hewitt W. Chambers,* for plaintiff in error.

GILBERT, J.   1.   The act of the General Assembly creating the Supreme Court of Georgia expressly conferred upon said court the power to establish rules of practice.   Ga. L. 1845, p. 18, § 14. "The rules of the court are the law of the court, until repealed, unless they are repugnant to the constitution and statutes of the State."   *Chapman* v. *Gray,* 8 *Ga.* 337 (3).   The power to establish rules of practice "is inherent in all courts."   Id. 339.   "The rules of the respective courts, legally adopted and not in conflict with the constitution of the United States, of this State, or the laws thereof, are binding and must be observed."   Civil Code (1910), § 4641.

2. The rules of the Supreme Court and of the Court of Appeals provide that where any judge of the superior or city courts of this State "shall neglect or refuse to certify any bill of exceptions as required by law, or shall fail or refuse to specify in his certificate the cause of delay (in case he has withheld his signature till after the expiration of the time within which he is required to sign the same, for any of the causes justifying such delay), the party tendering the bill of exceptions, if he desires a mandamus nisi to be directed to such judge, must file his application by petition to this court, as prescribed by section 6159 of the Civil Code, within twenty days after the refusal of said judge to certify said bill of exceptions or cause of delay, or he will not be heard," etc. Civil Code (1910), §§ 6252, 6348.

3. The Civil Code (1910), § 6159, provides: "If from any cause the bill of exceptions is not certified by the judge, without fault of the party tendering, such party or his attorney shall apply at the next term of the Supreme Court, and, on petition, obtain from said court a mandamus nisi, directed to such judge. . . The mandamus nisi shall be served by some sheriff of this State, and his return made to the clerk of the Supreme Court. It shall be returnable at the same term of the Supreme Court, at which term the court shall consider and determine the validity of the reasons given by the judge for his failure or refusal; but in no case shall a traverse as to the truth of such return of the judge be allowed."

4. The rules of the Supreme Court and Court of Appeals, above indicated, are in conflict with the Civil Code, § 6159. In such case the statute must prevail, because, under the rule-making authority granted under § 4641, only those rules are valid which are not in conflict with the constitution of the United States or of this State or the laws thereof.

5. It follows that the judgment of the Court of Appeals must be set aside; but no ruling is made upon the merits, other than whether the 20-day limit is a valid and binding rule.

*Judgment reversed. All the Justices concur.*