26454. DIXON *et al. v.* EVANS, for use, etc.

SUTTON, J. 1. Where a distress warrant is issued and levied on personal property, and a claim and forthcoming bond therefor are made and filed by a third party, and the property is found subject on the trial of the claim and is advertised for sale, but is not produced at the time and place of sale, such failure to produce constitutes a breach of the bond; and a suit thereafter filed against the principal and sureties on such bond is not prematurely brought because the defendant in the distress-warrant proceeding had filed a counter-affidavit to said proceeding after the breach of the bond had occurred and suit had been filed thereon.

2. The exception to the refusal of the court to give in charge to the jury the special request can not be considered, as it is not shown that such request was adjusted to the pleadings and evidence, or that it was not covered by the general charge, and the charge of the court was not sent up as a part of the record in this case, or that the defendants were harmed by the failure to give said request in charge.

3. A refusal to grant a nonsuit will not be considered where it appears that the case was submitted to and passed on by a jury, and a motion for new trial was made which contained a ground that the verdict was contrary to the evidence and without evidence to support it. *Columbia Fire Insurance Co.* v. *Tatum*, 46 *Ga. App.* 475, 477 (167 S. E. 911); *Southern Railway Co.* v. *Slaton*, 178 *Ga.* 314 (173 S. E. 161).

4. An order overruling a demurrer is not a proper ground of a motion for new trial, and an assignment of error on such a ground can not be considered.

5. Error is assigned on the failure of the court to write out its charge

and read the same to the jury and file it with the clerk, after timely and proper request therefor had been made. The Code provides: "The judges of the superior, city, and county courts shall, when the counsel for either party requests it before argument begins, write out their charges and read them to the jury, and it shall be error to give any other or additional charge than that so written and read." § 81-1102. Also: "The charge so written out and read shall be filed with the clerk of the court in which it was given." § 81-1103. This law is mandatory, and it has been held by this court and the Supreme Court many times to be error for the presiding judge to fail to comply therewith when properly requested so to do. It appears from the record the reason the trial judge did not reduce his charge to writing and read it to the jury was on account of rule 68 (Code Supp. (book 24) § 24-3368) of the rules established by the superior court judges in convention in Atlanta, December 4, 1936, which is as follows: "The trial judge is not required to reduce his charge to writing before giving his charge to the jury." This rule, however, is in conflict with the Code sections, supra; and, as was held by the Supreme Court in *Brown* v. *Hutcheson*, 167 *Ga.* 451 (146 S. E. 27), "in such case the statute must prevail, because, under the rule-making authority granted under § 4641, only those rules are valid which are not in conflict with the constitution of the United States or of this State or the laws thereof." Section 24-106 of the Code of 1933 (Code of 1910, § 4641) is as follows: "The rules of the respective courts, legally adopted and not in conflict with the constitution of the United States or of this State, or the laws thereof, are binding and must be observed." It was therefore error, requiring the grant of a new trial, for the court to refuse to reduce its charge to writing, read it to the jury, and file it with the clerk, the verdict returned not being demanded.

6. The other assignments of error are without merit; and as a new trial is being granted, it is not necessary to pass on the sufficiency of the evidence to support the verdict.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*

DECIDED OCTOBER 27, 1937.

*William B. Kent & Son,* for plaintiffs.
*Newt Gaskins,* for defendant.