LOVETT *v.* SANDERSVILLE RAILROAD COMPANY.

No. 15141.   MAY 8, 1945.

*Hewlett & Dennis, T. F. Bowden,* and *Hamilton McWhorter Jr.,* for plaintiff.

*J. J. Harris* and *E. W. Jordan,* for defendant.

GRICE, Justice.  Counsel for the defendant in error argue that in the passage of the act approved August 18, 1924 (Ga. L. 1924, p. 75), the legislature has invaded the province of the judicial department, and that any effort on the part of the lawmakers to bind courts as to the amount of time the latter shall allow for argument is futile and void, because it infringes upon the exercise by the courts of those functions which the constitution commits to them.  This is but another way of arguing that the statute is unconstitutional.  Whether it is or not, however, is not a matter now before us.  Neither of the questions propounded presents an inquiry as to whether in the passage of the act here involved the General Assembly undertook to legislate upon a subject outside its legitimate sphere of operation, and upon one which is embraced within the inherent powers of the courts.  That the courts possess certain inherent powers, is a proposition which, so far as we know, has never been questioned.  *Chapman* v. *Gray,* 8 *Ga.* 337; *Bradley* v. *State,* 111 *Ga.* 168 (36 S. E. 630, 50 L. R. A. 691, 78 Am. St. R. 157); *Devereux* v. *Atlanta Railway & Power Co.,* 111 *Ga.* 855 (36 S. E. 939); *Central of Georgia Ry. Co.* v. *Alford,* 154 *Ga.* 863 (115 S. E. 771).  This means, then, when the constitution declares that the legislative, judicial, and executive powers shall forever remain separate and distinct (art. 1, sec. 1, par. 23), it thereby invests those officials charged with the duty of administering justice according to law with all necessary authority to efficiently and completely discharge those duties the performance of which is by the constitution committed to the judiciary, and to maintain the dignity and independence of the courts.  See the numerous decisions referred to in 21 Words and Phrases (Perm. ed.), pp. 363 et seq., under the heading, "Inherent Power."  On the general subject as to the power or lack of power in the General Assembly to promulgate rules of practice and procedure for the

courts, see *Brown* v. *Hutcheson,* 167 *Ga.* 451 (146 S. E. 27) ; art. 6, sec. 1, par. 1, of the State constitution (Code, § 2-2901) ; Id. art. 6, sec. 9, par. 1 (Code, § 2-3701) ; 21 C. J. S. 261, § 170 ; 14 Am. Jur. 355, §§ 150-153. As we construe the questions submitted, they merely call for an interpretation of the Code, 81-1007, the first one asking whether, in the trial of a civil action originating in the superior court, counsel is entitled as a matter of right to two hours' time on a side in which to argue the case, *under the Code,* § *81-1007;* and the second, whether the trial judge has the right in his discretion in such a case, *under said section of the Code,* to limit the argument of counsel to one hour on a side.

The Code section here involved does not declare that counsel *shall have* two hours to the side for the argument of cases of this character, but it speaks of a limitation of argument to two hours on a side. From this, counsel make the point that it was the intent of the legislature, by the word "limited," to place a ceiling upon arguments, beyond which counsel may not go except by compliance with the provisions of the Code, § 81-1008, but under which ceiling there is left a sound judicial discretion in the judges to limit arguments, depending upon the nature and character of the case being tried, etc. We are unable to so construe the section The words, "shall be limited in their argument to two hours on a side," mean that counsel shall not be limited to less than two hours on a side. Even though this statute directs the trial judge to allow two hours for argument to each side in the class of cases mentioned, however few and simple the issues may be and however unsubstantial the amount in controversy, and even though such an enforcement may tend to slow down the court's business and increase the court expense when there may be no corresponding beneficial result, these were matters for consideration of the General Assembly as to the wisdom and expediency of the law, and are beyond the power or concern of the reviewing court, no question as to the constitutionality of the act being presented. We are here considering the statute only upon a question certified by the Court of Appeals, and since no question as to its constitutionality is presented, or could be presented in that way, we are concerned only with ascertaining its meaning, that is, the intention of the legislature in passing it. This, of course, must be determined from the language contained in the statute, and we think that this language

will admit of no other reasonable construction than that which we have stated.

The first question is answered in the *affirmative;* the second, in the *negative.*                                    *All the Justices concur.*