31281.   KITTLES *v.* THE STATE.

DECIDED OCTOBER 8, 1946.

*Limerick L. Odom, C. L. Hilton,* for plaintiff in error.

*Fred T. Lanier, Solicitor-General, J. Henry Howard,* contra.

MACINTYRE, J. ■ We will only discuss headnote 4, which relates to special ground 5 of the motion for new trial.

The record discloses that at the conclusion of the evidence the following occurred: "Mr. Odom, attorney for the defendant, requested two-hours' time in which to make his argument to the jury, the court refusing to give that much time to the side. Mr. Odom then stated: 'I want to note your refusal to allow two hours to the side.' The Court: 'Do you think you need two hours?' Mr. Odom: 'Yes, sir, I need two hours, and I want to note your refusal in the record.' The Court: 'I think one hour to the side would give ample time to argue the case.' After the solicitor-general finished his argument to the jury, the court asked Mr. Odom, attorney for the defendant, if he still thought he needed two hours to argue the case. Mr. Odom stated that he didn't know if he would take that time or not. When Mr. Odom concluded this argument, the court reminded him that he had consumed only thirty-five minutes in his argument, whereupon he stated that he did not care to argue the case any longer."

The Code, § 81-1007 (Ga. L. 1924, p. 75), provides: "In all cases other than felony cases counsel shall be limited in their arguments to two hours on a side; and in cases appealed from justices' courts and county courts, counsel for neither party shall, without special leave of the court obtained before the argument is opened, occupy more than one-half hour in the whole discussion of the case after the evidence is closed." The Supreme Court in interpreting this section held: "Under the provisions of the Code, § 81-1007, in a civil action originating in the superior court, counsel are entitled as a matter of right to two hours on a side in which to argue the case, and the trial judge has no right in his discretion in such a case, under said section of the Code, to limit the argument to one hour on a side." *Lovett* v. *Sandersville R. Co.,* 199 *Ga.* 238 (33 S. E. 2d, 905).

The act of 1924 (Ga. L. 1924, p. 75), provides: "In capital felonies counsel shall be limited [in their argument] to two hours on a side," which may be extended by the judge upon a statement

of counsel that he can not do justice to the case in the time allowed. This same provision appears in the Code, § 24-3305. Thus, the ruling in *Lovett* v. *Sandersville R. Co.,* supra, by analogy, we think is controlling in this case, and that counsel in a capital felony case are entitled, as a matter of right, to two hours on a side in which to argue their case, and the trial judge has no right in his discretion in such a case to limit their argument to a shorter period of time. It seems to us that the court had no right in its discretion to limit counsel for the defendant in the instant case, in which the defendant was charged with murder, to one hour, and that when he did so he committed reversible error. The trial judge had, at the beginning of the arguments, limited the defendant's counsel to one hour after the defendant's counsel had stated that, "I need two hours" in which to argue the case, and the defendant had excepted to the ruling. Thus, at this point the court had committed reversible error, and neither of the remarks of the court after the solicitor had concluded his remarks to the jury, or the remarks of the court after Mr. Odom, the defendant's counsel, had concluded his remarks to the jury at the end of 35 minutes, were a withdrawal of the court's former ruling and a substitution in its stead of the correct ruling that the defendant could have two hours to argue, and to frame his argument accordingly. It might have been that the defendant's counsel, knowing that his time was so limited to one hour, of necessity was compelled to frame his argument to come within the time allowed, and in so doing was obliged to omit from his presentation certain phases of the case which were material, and to materially curtail his discussion of parts of the case which were indispensable. The mere fact that at the conclusion of the argument it appeared that the full hour allowed by the court had not been consumed is not determinative that the previous error was corrected and that the damage already done was repaired. These remarks by the court, which were more in the nature of a part of a colloquy than of a ruling, did not relieve counsel from the limitations which the court had previously put upon him at the beginning of the arguments. The judge's remarks to counsel subsequent to his erroneous ruling were not a correction of that error; nor do we think that the colloquy between him and counsel showed that counsel waived the right to a two-hour argument; nor that the judge

had, in fact, removed the erroneous limitation which he had placed upon counsel. The judge having erred in limiting the time of the argument by the defendant's counsel to less than two hours, we are constrained to hold that the case must be reversed.

■ The rulings announced in headnotes 1, 2, and 3 do not require elaboration.

■ Of course, this case being reversed upon a special ground, the general grounds of the motion for a new trial will not be considered.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*