S94A0676. GRIFFITH v. THE STATE.
(444 SE2d 794)

HUNSTEIN, Justice.

Appellant was convicted of the malice murder of Tim Miles and sentenced to life imprisonment.[1] He contends the trial court erred in failing to repeat certain jury instructions following closing arguments and also erred in allowing the prosecution to introduce evidence of a crime not charged in the indictment.

1. The evidence adduced at trial showed that appellant confronted the victim and then shot him in the chest. Considering the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found appellant guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant's requests to charge, filed on the first day of the two-day trial, included requests to charge on the presumption of innocence and the burden of proof. At the commencement of the trial, the trial judge gave preliminary instructions addressing, inter alia, these two issues. The trial judge informed counsel during the charge conference that he would not reiterate in his final jury instructions any charges delivered in his preliminary instructions, and in keeping with this procedure, after closing arguments the jury was merely instructed "in addition to the charges previously given." Although appellant's counsel did not request that any charges be repeated, he later generally reserved objections to the charges. On appeal, appellant asserts it was error for the trial court to fail to repeat its preliminary instruc-

---

[1] The crime occurred on December 11, 1991. Appellant was indicted in June 1992 in Spalding County. He was found guilty on February 24, 1993 and was sentenced the same day. His motion for new trial was filed on March 3, 1993, amended on December 2, 1993 and denied on December 7, 1993. A notice of appeal was filed on January 5, 1994. The appeal was docketed in this Court on February 3, 1994 and the transcript was certified on January 19, 1994. Oral arguments were heard on April 11, 1994.

tions on the presumption of innocence and the burden of proof when it gave its general charge following arguments to the jury. We agree.

The proper procedure is set forth in OCGA § 5-5-24 (b) which provides in relevant part as follows:

> In all cases, at the close of the evidence or at such earlier time during the trial as the [trial] court reasonably directs, any party may present to the court written requests that it instruct the jury on the law as set forth therein. Copies of requests shall be given to opposing counsel for their consideration prior to the charge of the court. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury *but shall instruct the jury after the arguments are completed.*

(Emphasis supplied.)

We recognize that prior cases have found considerable leeway in the requirement that jury instructions should follow after arguments are completed. See, e.g., *McDaniel v. State*, 225 Ga. 695 (171 SE2d 358) (1969); *Hammond v. State*, 169 Ga. App. 97 (3) (311 SE2d 523) (1983). See also *Whitt v. State*, 203 Ga. 538 (3) (47 SE2d 580) (1948). Compare *Gardner v. State*, 263 Ga. 197 (7) (a) (429 SE2d 657) (1993); *Blandburg v. State*, 209 Ga. App. 752 (2) (434 SE2d 510) (1993). While these opinions treated the provision "shall" in the statute as directory rather than mandatory, see *Sanchez v. Walker County Family &c. Svcs.*, 237 Ga. 406, 410 (229 SE2d 66) (1976), upon further consideration of this issue, we now conclude the better rule is to require a trial court "after arguments are completed," to instruct comprehensively on the law applicable to the case, i.e., those charges which are relevant and necessary to weigh the evidence and enable the jury to discharge its duty, OCGA § 15-12-139, and which would constitute error under OCGA § 5-5-24 (c) if not given. We believe this is consistent with the mandatory language of the statute that final jury instructions, i.e., those given after argument, must be complete in and of themselves. See *Gardner v. State*, supra.

With regard to the present case, we find it highly probable that the failure of the trial court to repeat all instructions in the final charge to the jury did not contribute to the judgment; accordingly we find the error was harmless. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

3. Appellant's contention that it was impermissible for the state to present evidence of a robbery without indicting him for the crime is without merit as evidence that appellant and his companion had approached the victim to commit a robbery was admissible as part of the res gestae. *Derrick v. State*, 263 Ga. 766 (2) (438 SE2d 903)

(1994).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 5, 1994.

*Cramer & Shepherd, Timothy C. Cramer,* for appellant.

*Johnnie L. Caldwell, District Attorney, Randall K. Coggin, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.