A95A2206, A95A2207. NEAL v. THE STATE (two cases).
(467 SE2d 219)

MCMURRAY, Presiding Judge.

Defendant was tried before a jury on two indictments, one charging him with robbery by force and the other with aggravated assault (with intent to rob). The evidence adduced at trial reveals that both crimes stem from the same incident whereby defendant and an accomplice assaulted and robbed the owner of a liquor store. Defendant was found guilty of both offenses and the trial court sentenced him to serve 20 years for the robbery by force and 20 years (to be served concurrently) for the aggravated assault. After the denial of his motion for new trial, defendant filed an appeal in Case No. A95A2206 from his conviction and sentence for robbery by force and a separate appeal in Case No. A95A2207 from his conviction and sentence for aggravated assault. A consolidated enumeration of errors and brief has been filed in support of the appeals. *Held*:

1. Defendant contends that he cannot be convicted and sentenced for both aggravated assault (with intent to rob) and the completed offense of robbery by force. We agree and so does the State, offering no opposition to this enumeration of error.

"A person may be convicted of the offense of assault with intent to commit a crime if the crime intended was actually committed as a result of the assault but may not be convicted of both the assault and the completed crime." OCGA § 16-5-22. The evidence adduced at trial in the case sub judice reveals that the crime defendant and his accomplice intended to accomplish via an assault, i.e., robbery, was completed. Consequently, the entry of separate convictions and sentences against defendant for both aggravated assault (with intent to rob) and the completed offense of robbery by force is barred by OCGA § 16-5-22. Accordingly, the judgment of conviction and sentence entered against defendant in Case No. A95A2207 must be vacated. See *Head v. State*, 202 Ga. App. 209, 210 (2) (413 SE2d 533).

2. Defendant challenges the sufficiency of the evidence, arguing "that the jury gave no consideration to the testimony of [his] alibi witnesses." This argument is without merit.

The credibility of the witnesses is entirely within the province of the trier of fact. *McNeese v. State*, 170 Ga. App. 118 (1) (316 SE2d 564). The victim's testimony that defendant perpetrated the crime charged, along with proof that defendant's cap was dropped at the crime scene and the testimony of two witnesses who saw defendant fleeing from the crime scene shortly after the victim was assaulted, is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of robbery by force as charged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. We agree with defendant that the trial court erred in failing to fully reinstruct the jury at the close of evidence with regard to the law concerning how jurors may weigh the credibility of witnesses. Under the authority of *Griffith v. State*, 264 Ga. 326 (2) (444 SE2d 794), the procedure of giving such instructions before trial, without repeating the charge at the close of evidence, is error. Under the circumstances of the case sub judice, however, we find it highly probable that the trial court's failure to repeat the above jury instructions to the jury in the final charge did not contribute to the judgment. Accordingly, the error was harmless and thereby does not require a new trial. Id. at 326 (2), 327.

*Judgment affirmed in Case No. A95A2206. Judgment vacated in Case No. A95A2207. Andrews and Blackburn, JJ., concur.*

Decided January 22, 1996.

*Johnny B. Mostiler*, for appellant.

*William T. McBroom III, District Attorney, James E. Hardin, Assistant District Attorney*, for appellee.