## A96A0264. LOYD v. THE STATE.
(474 SE2d 96)

McMURRAY, Presiding Judge.

Defendant was charged in an indictment with four counts of child molestation and one count of incest for acts committed against J. L. L. ("the child" or "the victim"), his minor granddaughter. The evidence adduced at a jury trial reveals that the victim, when she was less than eight years of age, informed her mother that defendant had been molesting her. The child's mother testified that the child informed her that defendant would take her to a bread truck "beside their barn in their yard . . ." and that defendant would there "let her act like she was driving, and let her sit in his lap; and he would put . . . his hands down in her panties and play with her pee-pee and rub on it. . . ."

Karen Spangler, a caseworker employed with the Fayette County Department of Family & Children Services at the time of the interview of the victim, interviewed the victim about the sexual abuse. Using anatomical dolls, the victim "pulled the doll's dress up and pointed . . ., and she said [to Karen Spangler], he touched me in my privates." The victim also informed Spangler that "it happened many times that [defendant] touched her inside her clothing with his hand and that it hurt." Spangler testified that the victim remembered first experiencing defendant's sexual advances "between the ages of six and seven . . ." and that the victim "indicated that she

was told by her grandfather not to tell."

Karen Spangler later interviewed the victim's stepsister and discovered that the victim's story checked out. The victim's stepsister, who was also seven years of age at the time, reported that defendant had molested her. Indeed, the victim's stepsister not only affirmed to Spangler that defendant had sexually abused her, but informed Spangler that defendant had sexually abused her while she and the victim were sleeping with defendant in his bed.

Dr. Alina Batlle, a pediatrician, performed a "close examination of the [the victim's] genital area, [and discovered that the child] did have what [Dr. Batlle] described as a somewhat enlarged vaginal opening. [Dr. Batlle testified that while a] somewhat enlarged [vaginal] opening is basically a non-specific finding[, such a condition on a seven-year-old child] could be related to multiple causes, [including] some type of penetration," such as digital penetration. Dr. Batlle also noted that the child had a "partially perforated hymen . . ." and related the child's statement, "that she had been touched in her private areas by her grandfather, whom she called Dada at the time."

The jury acquitted defendant of incest but found him guilty of the four counts of child molestation. His motion for new trial was denied, and this appeal followed. *Held*:

1. In his second enumeration of error, defendant contends the trial court erred in admitting evidence of a prior act of child molestation he allegedly committed against a playmate of another of his granddaughters.

D. R. C. testified that, when she was approximately ten years old, defendant told her to sit in his lap as defendant sat on the front steps of his mother's house. Defendant placed "both of his arms around [her], and [they] sat there for just a little bit longer; and then he kept one arm around [her], and he slipped — with his other arm, he put his hand inside of [her] panties. And when he did that, [she] tried to jump up and run, and he took his arm and he pulled [her] back and went — uh — (indicating) — like that. And when he put his hands inside [her] panties, he slipped his finger inside [her] . . . and started stroking his finger inside [her]." This event took place "about 20 years ago . . . somewhere around 1972." Over defendant's objection that an event from 20 years ago was too remote, the trial court allowed this evidence "to show the lustful disposition and the method or manner of the way in which [defendant] is alleged to have committed this crime. . . ."

Defendant relies on *Gilstrap v. State*, 261 Ga. 798 (1), 799 (1) (b) (410 SE2d 423), where the Supreme Court of Georgia held that "an event 31 years in the past is too remote," and reversed that defendant's multiple convictions for child molestation and aggravated child molestation. In our view, evidence of an indecent liberty with a ten-

year-old child, identical to the acts alleged in the indictment, is not too remote as a matter of law merely because it occurred twenty years previously. *Snow v. State*, 213 Ga. App. 571, 572 (2) (445 SE2d 353); *Moore v. State*, 207 Ga. App. 412, 414 (1), 415 (1) (b) (427 SE2d 779). See also *Cooper v. State*, 173 Ga. App. 254 (1), 255 (325 SE2d 877), cited with approval in *Gilstrap v. State*, 261 Ga. 798 (1), 799 (1) (b), supra. In the case sub judice, the trial court did not err in admitting this evidence of a similar extrinsic act.

2. In his first enumeration of error, defendant contends the trial court erred in failing to charge the jury at the close of the evidence "ON THE PRESUMPTION OF INNOCENCE AND REASONABLE DOUBT." In this regard, the record shows that the trial court gave preliminary instructions which included the presumption of innocence and the State's burden to show proof of guilt beyond a reasonable doubt. After closing arguments two days later, the trial court reminded the jury that "at the beginning of the trial I gave you some instructions and I will ask you to apply those instructions equally with the instructions I am about to give you. . . ." Thereafter, the trial court again charged that "the burden is on the State to prove beyond a reasonable doubt, as I have previously defined that term to you, each and every material allegation as set out in this bill of indictment; and a failure to prove any of the essentials of any charges would require an acquittal." The trial court did not repeat the instruction on the presumption of innocence and reasonable doubt contained in defendant's written request to charge, which appears to have been taken from the pattern charge of the Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. II, Part 2, Suggested General Charges Required in all Criminal Cases, D (2nd ed. 1991) (rev. July 1992).

(a) "Although [the State contends that] defendant waived [these] exceptions to the charge by failing to preserve them after [making certain exceptions in response to] direct inquiry by the trial court, [defendant did except to the failure to charge on the definition of reasonable doubt. Consequently,] we will review this enumeration pursuant to OCGA § 5-5-24 (c), since proof beyond a reasonable doubt is the 'true question' involved in a criminal trial. OCGA § 24-4-5. See also OCGA § 16-1-5." *Tyson v. State*, 217 Ga. App. 428, 429 (2) (a) (457 SE2d 690).

(b) We agree with defendant that the trial court erred in failing to fully reinstruct the jury at the close of the evidence with regard to the presumption of innocence and reasonable doubt. Under the authority of *Griffith v. State*, 264 Ga. 326 (2) (444 SE2d 794), the procedure of giving such instructions before trial, without repeating the charge at the close of evidence, is error. Just as the Supreme Court held in *Griffith*, however, we find it highly probable in the case sub

judice that the trial court's failure to repeat the above jury instructions in the final charge did not contribute to the judgment. Accordingly, the error was harmless and thereby does not require a new trial. *Griffith v. State*, 264 Ga. 326 (2), 327, supra.

*Judgment affirmed. Johnson, J., concurs. Ruffin, J., concurs in the judgment only.*

DECIDED JUNE 27, 1996 —
RECONSIDERATION DENIED JULY 11, 1996 —

*Robert G. Fierer, Colette B. Resnik*, for appellant.
*William T. McBroom III, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.