## S98A1221. MASSEY v. THE STATE.
### (508 SE2d 149)

HUNSTEIN, Justice.

Roger Massey was found guilty of one count of malice murder in the shooting death of his wife, Kathy Massey.[1] He was sentenced to life in prison. Because the trial court's failure to charge the jury on the law of circumstantial evidence defined in OCGA § 24-4-6 at the close of the evidence as well as its limitation of closing argument was error, we reverse.

1. Evidence adduced at trial authorized a jury to find that on the evening of May 5, 1997 appellant killed his wife by shooting her in the face with a handgun. On the night in question, appellant and his wife engaged in a late-night confrontation at the residence of appellant's girlfriend. Two witnesses thereafter observed appellant's truck following his wife's car on a rural road in Crisp County. Kathy Massey was found lying dead in the roadway near the left rear wheel of her car. She was holding appellant's revolver and her cellular phone, which had been used only minutes before, was found next to her body with its power cord forcibly removed. Appellant called 911 and reported that he had shot his wife because she was shooting at him. Although three bullet holes were found in appellant's truck, their trajectories showed that they could not have been fired from where Kathy was located and expert testimony established that Kathy did not fire a gun due to the absence of powder residue on her hands. Further, powder burns on Kathy's face indicated she was shot at a distance of less than one foot.

Relying on testimony from witnesses that saw appellant's truck following his wife's car, the trajectories of the bullets fired into appellant's truck, the existence of powder burns on Kathy's face and the

---

[1] The crime occurred on May 5, 1997. Appellant was indicted in August 1997 in Crisp County. He was found guilty on December 4, 1997 and was sentenced the same day. A notice of appeal was filed on December 22, 1997. The appeal was docketed in this Court on April 24, 1998. Oral arguments were heard on July 13, 1998.

absence of gunpowder residue on her hands, the 911 tape, and other evidence at the scene, the jury was authorized to conclude that appellant intentionally shot his wife and then shot at his own vehicle to stage the event as self-defense. Accordingly, the evidence presented was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends it was error for the trial court to fail to instruct the jury on the law of circumstantial evidence pursuant to his requested instruction following closing argument. We agree. In its preliminary charge the trial court instructed the jury on the general concept of circumstantial evidence as

> evidence of the circumstances surrounding an event which point to how the event occurred. Circumstantial evidence may be sufficient to establish a fact by inference, but only if the circumstances proved lead to no other conclusion than the fact in question. Proof of an issue or fact may be done or accomplished by either direct or circumstantial evidence, or any combination of the two.

See OCGA § 24-1-1 (4). During the charge conference the court declined to give appellant's requested charge on circumstantial evidence concluding that appellant's instruction was applicable only in a criminal case dependent entirely upon circumstantial evidence. It also declined to repeat its preliminary circumstantial evidence charge. The failure to give a proper charge on circumstantial evidence after the close of the evidence was error.

(a) A trial court must charge on the law of circumstantial evidence, OCGA § 24-4-6, even absent a request if the case against the defendant is wholly circumstantial; if the case relies to any degree upon circumstantial evidence, a charge on circumstantial evidence is required upon written request. *Stubbs v. State*, 265 Ga. 883 (463 SE2d 686) (1995). Appellant made a written request to charge the jury on the law of circumstantial evidence applicable in a criminal case as provided by OCGA § 24-4-6. Appellant's requested charge was a proper statement of the law of circumstantial evidence. *Yarn v. State*, 265 Ga. 787 (1) (462 SE2d 359) (1995); *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994). Thus, the trial court erred by failing to give a requested charge on OCGA § 24-4-6 in this criminal case which depended, in part, on circumstantial evidence.

(b) It was also error for the trial court to refuse to give a comprehensive jury instruction on circumstantial evidence at the close of the evidence. As a general rule, preliminary instructions given before evidence is presented cannot serve as a substitute for complete jury

instructions required by OCGA § 5-5-24 (b) after closing arguments are completed. *Griffith v. State*, 264 Ga. 326, 327 (444 SE2d 794) (1994). While a trial court's failure to reiterate jury charges during final instructions does not automatically constitute reversible error, id., the procedure used in the case at bar was clearly erroneous. Here, the jury was generally instructed on circumstantial evidence at the commencement of a four-day trial. The instructions were given before the jury listened to numerous witnesses, heard considerable testimony, and was exposed to all of the evidence, much of it circumstantial in nature. Thus, under the circumstances of this case error also existed in the failure to give the comprehensive charge on circumstantial evidence at the close of the evidence.

3. Appellant contends that the trial court erred in restricting closing argument to one hour. We agree. OCGA § 17-8-73 provides that in cases involving capital felonies counsel shall be limited to two hours for each side in which to argue their case to the jury. See *Hayes v. State*, 268 Ga. 809 (7) (493 SE2d 169 ) (1997); *Kittles v. State*, 74 Ga. App. 383, 385 (1) (39 SE2d 766) (1946). "The right to make a closing argument to the jury is an important one, and abridgement of this right is not to be tolerated." *Hayes v. State*, supra at 813 (7). Accordingly, it was error as a matter of law to refuse to permit appellant the two hours of closing argument to which he was statutorily entitled.

4. We now turn to those enumerated errors which may arise upon retrial: (a) The trial court was correct in its reliance upon *Mallory v. State*, 261 Ga. 625 (2) (409 SE2d 839) (1991) (hearsay testimony of unavailable witness must bear particularized guarantees of trustworthiness) to conclude that Kathy Massey's neighbor could not testify that Kathy had threatened to kill appellant. See also *Carr v. State*, 267 Ga. 701 (482 SE2d 314) (1997). (b) We find no error in the trial court's refusal to allow cross-examination of Officer Moore, a former chief investigative officer for the Crisp County police department, inasmuch as impeachment evidence under OCGA § 24-2-1 must relate to questions being tried. (c) We find no error in the trial court's refusal to give appellant's requested jury charges on justification and the standard for determining reasonable fear. It is axiomatic that a trial court does not err in refusing to give a requested instruction in the exact language requested where the charges given in their totality substantially and adequately cover the principles contained in the requested charge. See *Harrison v. State*, 257 Ga. 528 (4) (361 SE2d 149) (1987). (d) Because appellant's own trial testimony established that he had been drinking before he shot his wife, it was not error for the trial court to instruct the jury that voluntary intoxication does not excuse criminal responsibility. *Jackson v. State*, 267 Ga. 130, 133 (10) (475 SE2d 637) (1996).

*Judgment reversed. All the Justices concur.*

HINES, Justice, concurring.

I concur in the opinion but write separately to note that in the recent case of *Hayes v. State*, 268 Ga. 809 (493 SE2d 169) (1997), this Court held that abridgement of the two hour limit provided for closing argument in capital felonies does not always demand reversal. It is unquestionably error, and error of such magnitude that harm is presumed. Id. at 813 (7). However, that presumption may be overcome. Id. In *Hayes*, the majority found the presumption was overcome, and the dissenters believed the presumption was not overcome under the facts of the case.

It is unnecessary to determine whether the presumption of harm is overcome in this case because of the decision in Division 2 that harmful error occurred.

DECIDED OCTOBER 26, 1998.

*Mills & Chasteen, Ben B. Mills, Jr.,* for appellant.

*John C. Pridgen, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.