## A99A2080. MATHIS v. THE STATE.
(528 SE2d 293)

SMITH, Judge.

Goody Mathis, Jr. appeals from his conviction for two counts of aggravated assault and two counts of possessing a firearm during the commission of a crime. In his sole assertion of error, he contends the trial court erred in refusing to give his requested charges on voluntary intoxication, which was his sole defense. We find no error and affirm.

Construed to support the verdict, the evidence presented at trial showed that Mathis drank heavily after a woman with whom he had an affair lasting at least seven years ended their relationship. He then got his wife to drive him in his truck to his brother's house. On the way, they stopped at the home of the former girlfriend's aunt. Mathis had a gun permit and kept a gun in his truck. Mathis got out of the truck and walked toward the aunt. When the aunt went over to see what he wanted, Mathis swung at her. He missed but fell down. When he got up, the aunt pushed or knocked him down. The gun was apparently in his pocket. When he got up the second time, she saw he had a gun. He shot her three times at close range. He then shot the girlfriend three times at close range. Between shots, as she begged for her life, thinking the shots were fatal, he told her: "B—h, I hope you is dead." When he had emptied the gun, he instructed that the police be called, saying: "I came here to do what I had to do; call the man."

Mathis's sole defense at trial was that he was so intoxicated as to render the shootings unintentional. The focus of his sole assertion on appeal is that because this was his sole defense, the trial court was required to give the requested charges. It goes without saying, however, that if a defendant's sole defense has no basis in law, the trial court is not required to so instruct the jury.

Aggravated assault is not a crime of specific intent, but Mathis argued that his mind was so impaired by alcohol that it was impossible for him to form the required general intent to injure. See *Cline v. State*, 199 Ga. App. 532, 533 (2) (405 SE2d 524) (1991). Mathis requested jury instructions focusing on informing the jury that if he had been so impaired by alcohol as to render him incapable of forming the intent to shoot the victims, they could acquit him. The trial court refused to give Mathis's requested charges and essentially instructed the jury instead on OCGA § 16-3-4, which provides, in pertinent part, that "[v]oluntary intoxication shall not be an excuse for any criminal act or omission."

The trial court gave a lengthy and detailed charge on intoxication, instructing the jury that

our law provides that voluntary intoxication shall not be an excuse for any criminal act. It provides further that if a person's mind when not affected by intoxicants is capable of distinguishing between right and wrong as well as reasoning and acting rationally and the person voluntarily deprives himself of reason by consuming intoxicants and while under the influence of such intoxicants the person commits a criminal act, the person is criminally responsible for such acts to the same extent as if the person were sober. Whether or not the defendant in this case was voluntarily intoxicated at or during the time alleged in the indictment is a matter solely for you, the jury, to determine.

The trial court also defined involuntary intoxication for the jury and charged the jury that Mathis could not be found guilty if at the time of the shooting, because of involuntary intoxication, he "did not have sufficient capacity to distinguish between right and wrong in relation to" the shooting. This was a correct statement of the law. The charges requested by Mathis were not an accurate statement of the law, and the trial court was not required to give them.

The argument advanced by Mathis has been rejected repeatedly and recently by our courts. See, e.g., *Bright v. State*, 265 Ga. 265, 277 (3) (455 SE2d 37) (1995) (rejecting reasoning in *State v. Erwin*, 848 SW2d 476 (Mo. 1993) that similar instruction impermissibly relieves State from proving intent). Although it is otherwise with regard to *involuntary* intoxication, the law in this state is that "voluntary intoxication does not excuse criminal responsibility. [Cit.]" *Massey v. State*, 270 Ga. 76, 78 (4) (508 SE2d 149) (1998).

In *Horton v. State*, 258 Ga. 489, 491 (8) (371 SE2d 384) (1988), the Supreme Court of Georgia held that voluntary intoxication was not a defense to a crime unless the intoxication resulted in altering brain function so as to negate intent, and even then the alteration must be more than temporary. Mathis offered no evidence at trial concerning such permanent alteration of his brain function. The trial court charged the jury carefully that intent was an essential element of the state's case and that the state was required to prove intent beyond a reasonable doubt. When considered in conjunction with this charge on intent, the trial court's charge on voluntary intoxication was correct and sufficient. *Sydenstricker v. State*, 209 Ga. App. 418, 419-420 (2) (433 SE2d 644) (1993).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

Decided January 19, 2000.

*H. Samuel Atkins, Jr.*, for appellant.
*Dennis C. Sanders, District Attorney*, for appellee.