A00A0655. SMITH v. THE STATE.
(539 SE2d 504)

SMITH, Presiding Judge.

Leonard Wayne Smith was charged by indictment with aggravated assault, simple battery, and possession of a firearm by a convicted felon. In a bifurcated trial, the jury first found Smith guilty of simple battery, acquitting him on the charge of aggravated assault, and then found him guilty of possessing a firearm by a convicted felon. Smith appeals, contending in two enumerations of error that the trial court erred in failing to recharge the jury fully after the first verdict was returned and arguments were made on the firearms charge. We find no reversible error, and we affirm the judgment below.

The charges against Smith arose out of an incident in which Smith shot a friend at the friend's home after an altercation one Saturday evening. The evidence was in conflict as to what actually transpired, who started the fight, who had been drinking, and whether the gun was in the house or retrieved from a car. It is undisputed, however, that the friend hit Smith in the head with a heavy, albeit empty, pickle jar, breaking the jar; that the friend also pulled out several handfuls of Smith's hair; and that Smith then shot his friend in the abdomen.

Smith's defense during the first part of the trial was justification. Alternatively, he argued that the gun went off accidentally. After the jury returned its verdict acquitting Smith of aggravated assault and finding him guilty of simple battery, the jury was informed for the first time of the firearms charge against Smith. Evidence was introduced that Smith was a felon, having pled guilty to being an habitual violator. After Smith's motion for a directed verdict on the firearms charge was denied, the court reinstructed the jury, charging that the offense of habitual violator was a felony and that the jury was to consider "the entire charge" given them only hours before in connection with the other two counts.

The trial court also instructed the jury that if its verdict of not guilty on the charge of aggravated assault was based upon its determination that Smith shot the victim in self-defense, it could not find him guilty of the firearms charge. Only if the jury had concluded that Smith was not guilty of aggravated assault because the gun was dis-

charged accidentally could it find him guilty on the weapons charge. The court reasoned that if the sole defense had been justification, a directed verdict on the weapons charge would have been mandated. But since the defense had also raised (and insisted upon) the argument that the gun discharged accidentally, the trial court reasoned that if it was not in self-defense, Smith was not legally authorized even to pick up the gun. In that case, accident would not be a defense to the weapons charge. The jury deliberated and returned a verdict of guilty.

1. Smith contends it was error for the trial court not to recharge principles such as the presumption of innocence, burden of proof, and reasonable doubt, after argument in the second phase of the trial. He makes this contention even though the jury had been charged several hours earlier in the trial court's charge as to the first two counts.

In support of this argument, Smith relies upon cases in which the trial court failed to repeat after closing argument preliminary instructions given before evidence was presented. In those cases, the court's main charge, after presentation of evidence but before the jury deliberated, was therefore incomplete. See, e.g., *Griffith v. State*, 264 Ga. 326 (2) (444 SE2d 794) (1994); *Little v. State*, 230 Ga. App. 803, 805-808 (2) (498 SE2d 284) (1998). We have found no reported case holding that when charges are given fully and completely just before the jury deliberates in the first stage of a bifurcated trial, it is reversible error to fail to repeat them in the second stage held shortly thereafter.[1]

It is unclear whether the holding in *Griffith* that "final jury instructions, i.e., those given after argument, must be complete in and of themselves[,] [cit.]," id. at 327, applies in circumstances such as those present here. Here, the trial court's charge before the jury deliberated in the first stage of this bifurcated trial was full and complete. Argument in the second stage took place almost immediately after the charges were given in the first stage. But even assuming it was error to fail to repeat those charges here, the evidence was clear and overwhelming that Smith actually possessed the gun and fired the shots. Given that evidence and the trial court's explicit and detailed charge informing the jury that it could find him guilty of the firearms charge only if it did not acquit him of the charge of aggravated assault on the basis of his defense of justification, we find that

---

[1] This court has held in an unpublished opinion, which is not precedential (both because it is unpublished and because one judge concurred in judgment only), that in a bifurcated trial such as this one, it is error to fail to repeat such charges at the close of the second phase. *Faulkner v. State*, 242 Ga. App. XXV (2000). But in *Faulkner*, we held that because the evidence clearly established Faulkner's guilt on the firearm charge, the failure to repeat the jury instructions was harmless.

the failure to repeat the charge instead of incorporating the earlier charge was harmless under the circumstances.

2. We find no merit in Smith's contention that the trial court's charge to the jury on accident was confusing or misleading.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED JUNE 20, 2000

*Carlton H. Vines, Todd M. Johnson*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Michael J. Moeller, Assistant District Attorney*, for appellee.