S06A1433. TILLMAN v. MASSEY.
(637 SE2d 720)

BENHAM, Justice.

Appellee Roger W. Massey was convicted of malice murder in connection with the 1997 death of his wife and his conviction was affirmed on appeal. *Massey v. State,* 272 Ga. 50 (525 SE2d 694) (2000). Thereafter, Massey filed an application for a writ of habeas corpus in which he asserted, among other things, that his trial counsel had provided ineffective assistance of counsel when he failed to preserve appellate review of certain jury instructions. The habeas court applied *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), and found without merit all of Massey's claims of ineffective assistance except the claim concerning counsel's failure to preserve appellate review of the instruction the trial court gave on the presumption of innocence.

At the close of the evidence, the trial court instructed the jury:

[O]ur law provides that every person charged with the commission of a crime is presumed innocent under our law until proved guilty beyond a reasonable doubt. *That presumption in our law is for the protection of the innocent. It is not intended to be a cloak behind which guilty persons may hide.* Whether that presumption has been overcome by the State or not is for you, the jury to decide.

(Emphasis supplied.) When asked by the trial court if there were any objections to the instructions given the jury, trial counsel voiced objection only to the trial court's failure to give three charges requested by appellant and did not reserve the right to make additional objections to the charge at a later date. The failure to reserve objections to the content of the jury instructions waives the right to assert the purported error on motion for new trial or on appeal. *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980).

The two-pronged *Strickland* test for ineffective assistance of counsel requires a petitioner to show: (1) trial counsel's performance was deficient; and (2) that such deficiency prejudiced the petitioner to the point that a reasonable probability exists that, but for counsel's error, the outcome of the trial would have been different. *Myers v. State*, 275 Ga. 709 (4) (572 SE2d 606) (2002). The habeas court determined the failure to object to the charge or to reserve objections in order to attack the charge on appeal constituted deficient performance. In assessing the "prejudice" prong, the habeas court determined there was a reasonable likelihood of a changed outcome if trial counsel had preserved the issue for appellate review because an error in the instruction on the presumption of innocence — "that bedrock 'axiomatic and elementary' principle 'whose enforcement lies at the foundation of the administration of our criminal law,' [cit.]," was harmful per se. Appellant Warden filed a direct appeal from the grant of habeas relief (OCGA § 9-14-52 (c)), and contends on appeal that the habeas court erred in finding deficient performance and in concluding that the deficient performance had resulted in a reasonable likelihood that the outcome would have been different.

1. To constitute deficient performance, counsel's action or inaction must fall below an objective standard of reasonableness. *Langlands v. State*, 280 Ga. 799 (3) (633 SE2d 537) (2006). By failing to reserve the right to raise objections to the jury charge at a later time, counsel waived appellant's right to raise objections concerning the jury instructions on motion for new trial or on appeal. *Peavy v. State*, 262 Ga. 782, n. 3 (425 SE2d 654) (1993). Trial counsel's failure to reserve objections to the jury charge falls below an objective standard of reasonableness and therefore constitutes deficient performance only if the charge is objectionable. *Wilson v. State*, 271 Ga. App. 359 (2) (c) (609 SE2d 703) (2005). See *James v. State*, 275 Ga. 387 (6) (565 SE2d 802) (2002) (failure to reserve objections is not deficient performance where evidence did not authorize the charge appellant claims should have been given).

"The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." *Coffin v. United States*, 156 U. S. 432, 453 (15 SC 394,

39 LE 481) (1895). The presumption of innocence is a "basic component of a fair trial under our system of criminal justice[,]" and "[t]he right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment." *Estelle v. Williams*, 425 U. S. 501, 503 (96 SC 1691, 48 LE2d 126) (1976). "The presumption of innocence, the burden of proof, and the standard of proof are the fundamental doctrines of American criminal jurisprudence and the bedrock of determining guilt or innocence in a criminal case." *Little v. State*, 230 Ga. App. 803, 806 (2) (498 SE2d 284) (1998). "[O]ne accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial[,]" and an instruction on the presumption of innocence "is one way of impressing upon the jury the importance of that right" as well as "one means of protecting the accused's constitutional right to be judged solely on the basis of proof adduced at trial." *Taylor v. Kentucky*, 436 U. S. 478, 485-486 (98 SC 1930, 56 LE2d 468) (1978).

A jury instruction on the presumption of innocence such as that given in Massey's trial is one from which the jury is likely to infer that the presumption of innocence applies only to innocent defendants and not to those "actually guilty," and contains "a potential for insidious interference with the right to a fair trial." *Turner v. State*, 682 NE2d 491, 497 (Ind. 1997). An instruction on the presumption of innocence that tells the jury that the presumption protects only the innocent is erroneous since the presumption applies to all persons, whether guilty or innocent, until the proof presented at trial shows guilt beyond a reasonable doubt, and such an erroneous instruction permits the jury to disregard the presumption of innocence if they believe the defendant is guilty in fact. *Smith v. State*, 161 Miss. 430 (137 So. 96, 97) (1931) (special concurrence). Such an instruction "places the cart before the horse" by suggesting to the jury that they are first to determine whether the defendant is "actually guilty" and apply the presumption of innocence only if the answer is "no." *United States v. Doyle*, 130 F3d 523, 538 (2nd Cir. 1997). By giving such an instruction, the court suggests to the jurors that their assessment of the defendant's guilt is separate and distinct from the prosecution's burden to prove guilt beyond a reasonable doubt, thereby eviscerating the presumption of innocence. Id.

Contrary to the charge given by the trial court, the fact of guilt does not enter into the application of the presumption, the purpose of which is to protect all persons coming before the courts charged with a crime until the factfinder determines the State has presented evidence establishing guilt beyond a reasonable doubt. See *Foster v. State*, 240 Ga. 858 (4) (242 SE2d 600) (1978) (reversible error when trial court fails to charge jury that defendant enters trial with a

presumption of innocence in the defendant's favor that remains with the defendant until rebutted by proof that satisfies the jury of the defendant's guilt beyond a reasonable doubt). A proper instruction on the presumption of innocence reminds the jury that the defendant comes to court presumed innocent and that presumption remains with him until the prosecution proves guilt beyond a reasonable doubt. Informing the jury that the presumption of innocence is to protect the innocent and not shield the guilty is to imply that one who appears to be guilty for reasons other than the evidence presented at trial, i.e., because he has been arrested, indicted, incarcerated, and is on trial, is not entitled to the presumption throughout the trial and the jury's deliberations. It permits the jury to determine guilt from factors other than the proof adduced at trial, and thereby offends "the accused's constitutional right to be judged solely on the basis of proof adduced at trial." *Taylor v. Kentucky*, supra, 436 U. S. at 486.

We conclude it is error to give a charge on the presumption of innocence, a fundamental doctrine of criminal jurisprudence, which charge infers that the presumption of innocence is not applicable to all criminal defendants. Consequently, trial counsel's failure to reserve objections fell below an objective standard of reasonableness and constitutes deficient performance. See *Wilson v. State*, supra, 271 Ga. App. 359 (2) (c).

The Warden contends the jury instruction on the presumption of innocence given after closing arguments at the close of the evidence was not harmful error when the charge, as a whole, is considered. The Warden notes the trial court gave preliminary instructions to the jury prior to the presentation of any evidence and included therein a correct charge on the presumption of innocence. "As a general rule, preliminary instructions given before evidence is presented cannot serve as a substitute for complete jury instructions required by OCGA § 5-5-24 (b) after closing arguments are completed. [Cit.]" *Massey v. State*, 270 Ga. 76, 77-78 (2) (b) (508 SE2d 149) (1998). In *Griffith v. State*, 264 Ga. 326, 327 (2) (444 SE2d 794) (1994), we ruled that the trial court must give the jury *at the close of the case* comprehensive instructions "which are relevant and necessary to weigh the evidence and enable the jury to discharge its duty" and the omission of which would constitute "plain error" under OCGA § 5-5-24 (c). The trial court's failure in *Griffith* to give a charge on the presumption of innocence immediately before the jury retired to deliberate was deemed harmless error, in part because the trial court had charged the jury on the presumption of innocence in a preliminary charge. In *Griffith*, the jury was given the correct principles of the presumption of innocence, albeit at the wrong time; in the case at bar, the jurors were given a correct statement of the principle four days before they began deliberations, and were given an incorrect

statement of the principle immediately before they began their deliberations. In *Massey v. State*, supra, 270 Ga. at 77-78, this Court found reversible error in the trial court's "clearly erroneous" procedure of giving a preliminary charge (on circumstantial evidence) "at the commencement of [defendant's] four-day trial . . . before the jury listened to numerous witnesses, heard considerable testimony, and was exposed to all of the evidence. . . ." Compare *Simmons v. State*, 251 Ga. App. 682 (7) (b) (555 SE2d 59) (2001) (harmless error to fail to give charge at close of evidence in light of short period of time since charge was given earlier). Accordingly, we conclude that the inclusion of a correct charge on the presumption of innocence in the trial court's preliminary instructions to the jury did not mitigate the trial court's inclusion of an incorrect charge on the presumption of innocence in the final instructions to the jury.

2. The second prong of the *Strickland v. Washington* test for ineffective assistance of counsel is whether trial counsel's deficient performance prejudiced the defendant to the point that a reasonable probability exists that, but for counsel's deficient performance, the outcome of the trial would have been different. *Myers v. State*, supra, 275 Ga. App. 709 (4). " 'A reasonable probability [that the outcome of the trial would have been different] is a probability sufficient to undermine confidence in the outcome.' *Strickland*, 466 U. S. at 694." *Stanford v. Stewart*, 274 Ga. 468 (1) (554 SE2d 480) (2001). Inasmuch as we have determined that the trial court gave an erroneous charge on a "basic component of a fair trial, . . . a fundamental liberty secured by the Fourteenth Amendment[,]" (*Estelle v. Williams*, supra, 425 U. S. at 503), and permitted the jury to determine guilt from factors other than proof adduced at trial, thereby offending the accused's constitutional right to be judged solely on the basis of proof adduced at trial (*Taylor v. Kentucky*, supra, 436 U. S. at 486), we conclude there was a probability sufficient to undermine confidence in the outcome of appellant's trial. Accordingly, we affirm the habeas court's determination that appellant received ineffective assistance of counsel and that court's grant of relief in the form of a new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 20, 2006.

*Thurbert E. Baker, Attorney General, Julie A. Adams, Robin J. Leigh, Assistant Attorneys General*, for appellant.
*Jackson & Schiavone, George T. Jackson*, for appellee.