S08A0464. SANDERS v. THE STATE.
(659 SE2d 376)

BENHAM, Justice.

Appellant David Sanders was convicted of malice murder, felony murder, and possession of a knife during the commission of a crime in connection with the homicide of his wife, Sheila Newton, who died as a result of multiple stab wounds.[1] Sanders contends on appeal he was denied his right to effective assistance of counsel and asserts the evidence was not sufficient to authorize a conviction of cruelty to a child in the first degree.

1. The State presented evidence that appellant and the victim became involved in a heated verbal argument in their home. The victim's teenaged daughter was awakened by her mother running

---

[1] The victim was killed on November 29, 2002, and appellant was arrested shortly thereafter. On April 17, 2003, the Cobb County grand jury returned a true bill of indictment charging appellant with malice murder, felony murder (aggravated assault being the predicate felony), aggravated assault, cruelty to children in the first degree, two counts of cruelty to children in the second degree, and possession of a knife during the commission of a crime. Appellant's trial commenced on September 22, 2003, and concluded two days later with the jury's return of guilty verdicts on the counts charging malice murder, felony murder aggravated assault, and possession of a knife during the commission of a crime. The trial court directed a verdict on one of the child cruelty counts and the jury acquitted appellant of the two remaining child cruelty charges. Appellant was sentenced to concurrent sentences of life imprisonment for the malice murder and felony murder convictions, and a consecutive five-year term of years for the weapon conviction. Appellant filed a timely motion for new trial on September 30, 2003, and amended it on January 10, 2007. The trial court denied the motion for new trial on January 16, 2007, and a timely notice of appeal was filed on February 21, 2007. The appeal was docketed in this Court on September 17, 2007, and was orally argued on February 12, 2008.

into her room and screaming to her to call the police. The daughter saw her mother fall and lay on the floor on her back, and saw appellant straddle the victim, bend over her, and make punching motions at her. A police officer who responded to the emergency call for assistance found the deceased victim on the floor of the daughter's bedroom, and blood in several rooms of the apartment. A bloody serrated knife was found in the master bedroom. Appellant had lacerations on his arms, legs, and hands that required sutures. A forensic investigator testified appellant's hand wound could have been an offensive or a defensive wound, and the victim's palm wounds were more commonly seen as defensive wounds. The forensic patholo-gist who performed the autopsy on the victim testified she died as a result of stab wounds that punctured her liver and one of her lungs.

Appellant testified the victim lunged at him with a butcher knife and the two "tussled" for possession of the knife. He stated the victim lost consciousness and fell to the floor, whereupon appellant gained possession of the knife and stabbed the victim in the stomach. Appellant testified he had used a butcher knife, not the bloody serrated knife found in the apartment, and asserted that someone else had inflicted the stab wound that had punctured the victim's lung. Also admitted was evidence of a prior difficulty between appel-lant and the victim in Colorado in November 2001, which resulted in appellant's arrest for threats of violence against the victim.

The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder and possession of a knife during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). However, while a single homicide can result from facts that support guilty verdicts on counts charging both malice and felony murder, a defen-dant may be sentenced on either guilty verdict, but not both. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Inasmuch as appel-lant's felony murder conviction was vacated by operation of law upon entry of the sentence for malice murder (id.), appellant's conviction for felony murder and the concurrent sentence of life imprisonment imposed for that conviction must be vacated. *Willingham v. State*, 279 Ga. 886 (3) (622 SE2d 343) (2005). Lastly, appellant's contention to the contrary notwithstanding, his acquittal of the child cruelty charge renders moot his challenge to the sufficiency of the evidence concerning that charge. *Mack v. State*, 283 Ga. App. 172, 173, n. 10 (641 SE2d 194) (2007).

2. Appellant maintains trial counsel did not render effective assistance of counsel when he failed to point out to the jury a purported discrepancy in the evidence, when he failed to investigate alleged evidence tampering, and when he failed to object to the inclusion of a charge on mutual combat in the jury instructions or

reserve objections to the instructions. Trial counsel did not testify at the hearing on the motion for new trial.

To prevail on a claim of ineffective assistance of trial counsel, appellant

> must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citations and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007).

(a) The decision whether to object to a particular jury charge is a matter of trial strategy (*Cherry v. State*, 283 Ga. App. 700 (1) (a) (642 SE2d 369) (2007)), as is the decision concerning what evidence to present or forego in defending a client charged with a crime. *Nichols v. State*, 281 Ga. 483 (2) (a) (640 SE2d 40) (2007). Without trial counsel's testimony, there is no evidence in the record as to why counsel did not object to the jury charge and why counsel failed to make the jury aware of the purported discrepancy in the evidence. As appellant "made no affirmative showing that the purported deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of conscious and deliberate trial strategy," these allegations of ineffective assistance of counsel were properly rejected by the trial court. *Archie v. State*, 248 Ga. App. 56 (2) (545 SE2d 179) (2001) (where trial counsel did not testify at hearing on motion for new trial alleging ineffective assistance of counsel).

(b) Appellant's assertion of evidence tampering centers on his testimony that the bloody serrated knife found at the scene was not the butcher knife he purportedly took from the victim and used to stab her. His contention rests on mere speculation and, even if deficient performance is assumed, his claim of ineffective assistance fails because appellant cannot prove there is a reasonable probability that the trial would have ended differently, given his admission he stabbed his unconscious wife in the stomach. See *McDaniel v. State*, 279 Ga. 801 (2) (c) (621 SE2d 424) (2005).

(c) Appellant contends trial counsel performed deficiently by failing to reserve his objections to the content of the trial court's charge to the jury and, in so doing, forfeited appellant's ability to raise on appeal the propriety of the inclusion of a charge on mutual combat.

To constitute deficient performance, counsel's action or inaction must fall below an objective standard of reasonableness. [Cit.] By failing to reserve the right to raise objections to the jury charge at a later time, counsel waived appellant's right to raise objections concerning the jury instructions on motion for new trial or on appeal. [Cit.] Trial counsel's failure to reserve objections to the jury charge falls below an objective standard of reasonableness and therefore constitutes deficient performance only if the charge is objectionable. [Cits.]

*Tillman v. Massey*, 281 Ga. 291 (1) (637 SE2d 720) (2006).

A charge on mutual combat "is warranted only when the combatants are armed with deadly weapons and mutually agree to fight." *Hudson v. State*, 280 Ga. 123 (2) (623 SE2d 497) (2005) (charge not warranted when there was no evidence the victim, who had been fighting with the defendant, was armed when the defendant shot the victim). If there is any evidence from which the jury could have found that both parties intended to resolve their differences by fighting each other with deadly weapons, there is no error in giving a charge on mutual combat. *Carreker v. State*, 273 Ga. 371 (2) (541 SE2d 364) (2001) (both victim and the defendant were armed, one with a rifle and one with a handgun, and there was evidence each fired at the other). Because the mutual combat charge authorizes a jury to find the defendant guilty of voluntary manslaughter in lieu of murder, it is a charge that benefits a defendant and, as such, a convicted defendant's complaint that it was improper to give the charge is without merit. *Sinkfield v. State*, 266 Ga. 726 (2) (470 SE2d 649) (1996); *Hall v. State*, 273 Ga. App. 203 (3) (614 SE2d 844) (2005). Accordingly, trial counsel's failure to reserve objections did not constitute deficient performance (*Tillman v. Massey*, supra, 281 Ga. 291), and appellant's assertion of ineffective assistance of counsel was properly denied by the trial court.[2]

---

[2] While we conclude there was no error, we question whether a charge on mutual combat should have been given in light of the discovery of one bloody knife and appellant's testimony that only the victim was armed and he had taken the knife from her before stabbing her with it. See *Fleming v. State*, 273 Ga. 837 (2) (546 SE2d 273) (2001) (no evidence the defendant and the victim were engaged in a mutual fight with deadly weapons where the defendant struck the victim and took the victim's gun from the victim's waistband and shot the victim); *Moses v. State*, 270 Ga. 127 (6) (508 SE2d 661) (1998) (charge on mutual combat not warranted since there was no evidence that the victim and the defendant were both armed with deadly weapons and mutually intended or agreed to fight); *Holcomb v. State*, 268 Ga. 100 (6) (485 SE2d 192) (1997) (mutual combat charge not warranted where the victim and the defendant struggled over a gun during which the victim was shot). While there was testimony of knives hidden in the frame of the bed shared by appellant and the victim, there was no testimony that those knives were used in this incident. A history of violent aggressive behavior between a defendant

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED MARCH 31, 2008.

*Sidney L. Storesund*, for appellant.

*Patrick H. Head, District Attorney, John R. Edwards, Grady A. Moore, Dana J. Norman, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Reggie A. Lampkin, Assistant Attorney General*, for appellee.

---

and a victim can give rise to an inference of mutual intent to fight that will support a charge on mutual combat if both were armed at the time of the homicide. *Sinkfield v. State*, supra, 266 Ga. 726 (2).