**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 3, 2014**

# In the Court of Appeals of Georgia

A14A0863. FRASER v. THE STATE.

McFADDEN, Judge.

After a jury trial, Raoul Fraser was convicted of simple battery/family violence. He appeals, claiming that the trial court erred in admitting testimony concerning prior difficulties. However, Fraser did not object to the testimony and has not shown plain error. Accordingly, we affirm.

Construed in favor of the verdict, evidence presented at trial showed that on January 10, 2013, Fraser assaulted his former live-in girlfriend. He cursed at her, pushed her, grabbed her throat, shoved her to the ground, got on top of her, and choked her. When a neighbor arrived at the scene, Fraser fled.

A police officer who was dispatched to the scene testified that while questioning the victim, she said that on a prior occasion she and Fraser had gotten into an argument

and Fraser had attempted to kill her. Although Fraser had raised an earlier hearsay objection to other testimony, he did not object to this testimony by the officer about the prior incident.

"Georgia 'has long followed the contemporaneous objection rule, which provides that counsel must make a proper objection on the record at the earliest possible time to preserve for review the point of error.' [Cit.]" *Stacey v. State*, 292 Ga. 838, 843 (4) (741 SE2d 881) (2013). As noted above, Fraser did not make a contemporaneous objection to the prior incident testimony by the officer. Nevertheless, because the trial in this case occurred after January 1, 2013, we may review the purportedly improper testimony for plain error. See *Rembert v. State*, 324 Ga. App. 146, 152 (2) n. 8 (749 SE2d 744) (2013) ("Georgia's new Evidence Code, which applies to cases tried after January 1, 2013, allows a court to consider 'plain errors affecting substantial rights although such errors were not brought to the attention of the court.' OCGA § 24-1-103 (d).").

"A finding of plain error requires a clear or obvious legal error or defect not affirmatively waived by the appellant that must have affected the appellant's substantial rights, i.e., it affected the outcome of the trial-court proceedings." *Taylor v. State*, ___ Ga. App. ___ (8) (Case No. A14A0497, decided July 7, 2014). Here,

even assuming, without deciding, that the officer's testimony about the prior incident was improper, such error did not affect Fraser's substantial rights since the victim also testified, without objection, about the prior incident and having told the officer about it. Thus, the officer's "testimony on this point was [merely] cumulative and its admission did not in reasonable probability affect the outcome of the trial." *Johnson v. State*, ___ Ga. ___ (3) (Case No. S14A0558, decided June 30, 2014). Because Fraser did not object to the testimony and there was no plain error in its admission, we affirm.

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*