297 Ga. 218
FINAL COPY

S15A0319. WHITE v. THE STATE.

MELTON, Justice.

Following a jury trial, Adrian White was found guilty of malice murder, felony murder, two counts of aggravated assault, and possession of a firearm during the commission of a felony.[1] On appeal, White contends that the trial court committed errors in charging the jury and sentencing and that trial counsel

---

[1] On December 7, 2004, White was indicted in Fulton County for malice murder, felony murder, two counts of aggravated assault, and possession of a firearm during the commission of a felony. Following a jury trial ending on November 8, 2007, White was found guilty of all charges, and the trial court sentenced White to life imprisonment for malice murder, twenty consecutive years for one count of aggravated assault, and five consecutive years for possession of a firearm. The conviction for felony murder was vacated by operation of law, Malcolm v. State, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the remaining count of aggravated assault was merged with malice murder for purposes of sentencing. On November 27, 2007, White filed a motion for new trial, which he amended on October 6, 2010, December 3, 2010, and March 31, 2011. The motion for new trial was denied on March 16, 2012, and, on September 6, 2013, this Court vacated the trial court's order and remanded the case with the direction that it be reconsidered using the correct standard of review. White v. State, 293 Ga. 523 (753 SE2d 115) (2013). After remand, the trial court again denied White's motion for new trial on May 6, 2014. Following a timely notice of appeal, White's case was docketed to the January 2015 Term of this Court and submitted for decision on the briefs.

rendered ineffective assistance. For the reasons set forth below, we affirm.

1. Viewed in the light most favorable to the verdict, the record shows that, on September 8, 2004, White, Marquez Webb, and Demario Thornton were watching television at the apartment of White's mother, Patricia Dean. That evening, the three men went out to the apartment breezeway to smoke cigarettes. At that time, Anthony Jones, who was with his girlfriend, Arlene Long, drove by the breezeway. Jones made eye contact with White, Webb, and Thornton, and stopped his truck. Jones then asked Thornton why he was always making eye contact with him, and the two men began to argue. Jones exited his truck and approached, continuing his argument with Thornton. Webb intervened and tried to prevent a fight. After Dean called out from her apartment and asked White to return home, Jones decided to end the confrontation and began walking away. According to the trial testimony of Webb and Thornton, White then pulled up Thornton's shirt, snatched the gun Thornton was carrying from his waistband, and shot Jones in the back. Both Webb and Thornton also testified that, following the shooting, they witnessed White beating Jones as he lay on the ground. In addition, Long testified that she witnessed the man whose mother called out to him shoot Jones. She also stated that, after Jones was shot, it took

2

a long time for him to fall to the ground before the beating.

This evidence was sufficient to enable the jury to find White guilty of the crimes for which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. White contends that the trial court erred by instructing the jury on the law of mutual combat, arguing that the charge might somehow have distracted the jurors from considering his other defenses. We disagree.

During the charge conference, White requested that the trial court give the pattern charge on mutual combat. The trial court, however, declined to give the charge, stating that it was not adjusted to the evidence. Then, following White's closing arguments, the trial court reversed its decision, finding that the charge was warranted. White did not object to this decision; to the contrary, he agreed with it. In addition, the trial court offered White the opportunity to reopen his closing argument to address mutual combat. White's trial counsel declined the opportunity, stating on the record that his decision was tactical.

As an initial matter, White has waived even plain error analysis of this issue, as he requested the pattern charge in question and agreed with the trial court's ultimate decision to give the charge. See Woodard v. State, – Ga. – (Case

No. S14A1532, decided March 27, 2015). Moreover, "[b]ecause the mutual combat charge authorizes a jury to find the defendant guilty of voluntary manslaughter in lieu of murder, it is a charge that benefits a defendant and, as such, a convicted defendant's complaint that it was improper to give the charge is without merit." Sanders v. State, 283 Ga. 372, 375 (2) (c) (659 SE2d 376) (2008). There was no error in the trial court's instructions.

3. White contends that trial counsel rendered ineffective assistance by declining the trial court's invitation to reopen closing arguments to address mutual combat.

> In order to succeed on his claim of ineffective assistance, [White] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. Strickland v. Washington, 466 U.S. 668 (104 SCt 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the Strickland test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); Fuller v. State, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, "'[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" Robinson v. State, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Wright v. State, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

The trial transcript and the motion for new trial transcript make it clear

4

that White's counsel strategically chose not to reopen his closing argument. Trial counsel explained at the motion for new trial hearing that he felt that his closing argument had gone well and that the mutual combat charge was "beneficial icing." He further stated that he believed that talking to the jury about mutual combat and justification "would [have been] the wrong tactical decision to make" since he would then be overlooking the "very good defense that had come up that was really rather a gift at trial, that someone else who didn't look like Mr. White was the shooter in the case and Mr. White wasn't the shooter." "Inasmuch as th[is] decision . . . was not patently unreasonable, and because [White] provides no basis for concluding that the result of his trial would have been different if [his counsel] had [presented additional] closing argument, he has not shown that his trial counsel was ineffective in this regard." (Citation omitted.) McKenzie v. State, 284 Ga. 342, 347 (4) (b) (667 SE2d 43) (2008).

4. White contends that the trial court erred during sentencing by failing to merge aggravated assault and malice murder for purposes of sentencing, arguing that there was no "deliberate interval" between the shooting of Jones and his subsequent beating while he was on the ground. We disagree.

When multiple injuries are inflicted on a single victim in quick succession and the defendant is convicted of both aggravated assault and murder, deciding whether there was aggravated assault independent of the fatal assault requires the court to consider "both the order and timing of the assaults." Sears v. State, 292 Ga. 64, 73 n. 7 (734 SE2d 345) (2012). This Court has repeatedly held that convictions and sentences for aggravated assault and malice murder (or felony murder) merged when a fatal injury preceded the infliction of a non-fatal injury and the injuries *were not* separated by a "'deliberate interval.'" Reddings v. State, 292 Ga. 364, 367 (738 SE2d 49) (2013) (quoting Coleman v. State, 286 Ga. 291, 295 (687 SE2d 427) (2009)). See also Alvelo v. State, 290 Ga. 609, 611–612 (724 SE2d 377) (2012) (merging aggravated assault conviction with malice murder conviction due to "the absence of evidence that the victim suffered a non-fatal injury prior to a deliberate interval in the attack upon him, and a fatal injury thereafter"). . . . By comparison, where a non-fatal injury preceded a fatal injury and there was a deliberate interval between the injuries, we have regularly held that separate convictions for the initial assault and the fatal assault did not merge. See Coleman, 286 Ga. at 295 (citing multiple cases). We do not foreclose the possibility that, under the facts of a particular case, a non-fatal assault that followed a fatal assault by a meaningful interval could be deemed independent of the fatal assault and therefore capable of supporting a separate conviction for aggravated assault or battery. See, e.g., Drane v. State, 265 Ga. 255, 260 (455 SE2d 27) (1995) (holding that murder and aggravated battery were independent acts and those convictions did not merge where Drane's accomplice fatally shot the victim and moments later either Drane or the accomplice slashed the victim's throat).

(Emphasis supplied.) Slaughter v. State, 292 Ga. 573, 575 (1) n. 2 (740 SE2d 119) (2013). In this case, the fatal gunshot wound to the back did precede the

nonfatal act of beating the victim. The order of the wounds, however, is not the controlling factor. Here, there was evidence sufficient to sustain a finding that a "deliberate interval" existed between the infliction of the gunshot wound and the subsequent beating. There was eyewitness testimony that, after the shooting, Jones took a "long time" to fall to the ground, and the beating did not occur until after this long time, while Jones was still alive and conscious. Under these circumstances, merger was not required.

Judgment affirmed. All the Justices concur.

Decided June 1, 2015.

Murder. Fulton Superior Court. Before Judge Adams.

S. Cindy Wang, for appellant.

Paul L. Howard, Jr, District Attorney, Paige Reese Whitaker, Arthur C. Walton, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason M. Rea, Assistant Attorney General, for appellee.