In the Supreme Court of Georgia

Decided: April 4, 2016

S16A0514. MOSLEY v. THE STATE.

BLACKWELL, Justice.

Gary Mosley was tried by a Fulton County jury and convicted of murder and other crimes, all in connection with the killing of Justin Evans. Mosley appeals, contending that the trial court erred when it admitted hearsay evidence on four occasions at trial. We find no reversible error, however, and we affirm.[1]

---

[1] Evans was killed on June 21, 2010. Mosley was indicted – along with Taurean Thorpe, Darelle Phillips, and Santino Butler – on April 5, 2013, and Mosley was charged with malice murder, two counts of felony murder, and one count each of aggravated assault, conspiracy to commit aggravated assault, conspiracy to distribute marijuana, the unlawful possession of a firearm during the commission of a crime, and attempting to elude a police officer. Mosley was tried alone, beginning on April 22, 2013. The jury returned its verdict on April 29, 2013, and it found Mosley guilty of all charges. That same day, Mosley was sentenced to imprisonment for life for malice murder, a consecutive term of imprisonment for ten years for conspiracy to distribute marijuana, a consecutive term of imprisonment for five years for the unlawful possession of a firearm, and a consecutive term of imprisonment for five years for attempting to elude a police officer. The verdicts as to felony murder were vacated by operation of law, and the aggravated assault and conspiracy to commit aggravated assault merged into the malice murder. See Malcolm v. State, 263 Ga. 369, 371–374 (4-5) (434 SE2d 479) (1993). Mosley timely filed a motion for new trial on April 30, 2013, and he amended it on December 15, 2014. The trial court denied his motion on July 10, 2015. Mosley then timely filed his notice of appeal on July 14, 2015, and the case was docketed in this Court for the January 2016 term and orally argued on March 7, 2016.

1. Viewed in the light most favorable to the verdict, the evidence shows that Evans had arranged to buy marijuana from Mosley and Taurean Thorpe on June 21, 2010. When Mosley and Thorpe met Evans, however, he robbed them instead. Mosley decided that "[h]e had to get back at [Evans]." Later that day, Mosley and Darelle Phillips observed Evans enter an apartment complex in Union City, and Mosley called Thorpe for assistance. Thorpe arrived soon thereafter with Santino Butler and Paul Hill. Mosley and Thorpe both were armed, and they eventually cornered Evans inside the apartment complex and shot him. The gunshot wound was fatal. Mosley and his accomplices fled the scene, with Mosley driving Phillips and Butler in his Chevrolet Impala, which was maroon in color.

Almost immediately, law enforcement officers were advised to be on the lookout for the Impala. Within a matter of minutes, a police officer observed the Impala about three miles from the apartment complex and attempted to initiate a traffic stop. A high-speed chase ensued, and eventually, Mosley and the other men in the Impala abandoned the car and escaped on foot into a wooded area. Investigators found Mosley's name and address, however, on an invoice for an oil change inside the Impala, and they located Mosley — who had scratch marks

on his body consistent with having run through the woods — at that address about 40 minutes later.

Mosley's account evolved as he spoke with investigators. At first, he admitted that he had been with Phillips near Evans's apartment complex earlier that day, but he said that his Impala was stolen while he and Phillips were dining in a restaurant. When investigators informed Mosley that the police car involved in the high-speed chase was equipped with a video camera that recorded the men jumping out of the Impala and running into the woods, Mosley claimed that — although his car, in fact, had been stolen — he ultimately found it. Immediately after he found it, Mosley claimed, he was involved in the high-speed chase that was recorded by the video camera. Finally, Mosley admitted that he was at the scene of the crimes, but he claimed that it was Thorpe who shot Evans.

Mosley does not dispute that the evidence is sufficient to sustain his convictions. Nevertheless, we have independently reviewed the record with an eye toward the legal sufficiency of the evidence. We conclude that the evidence adduced at trial was legally sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Mosley was guilty of the crimes of which he was convicted, either directly or as a party to the crime. See Jackson v. Virginia, 443

U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979); Powell v. State, 291 Ga. 743, 744 (1) (733 SE2d 294) (2012) ("[a] person who does not directly commit a crime may be convicted upon proof that a crime was committed and that person was a party to it") (citations and punctuation omitted). See also OCGA § 16-2-20 (b) (defining parties to a crime).

2. Mosley claims that the trial court improperly admitted hearsay testimony on four occasions at trial. We see, however, no reversible error.

(a) First, Mosley says that a witness ("C. N.") was erroneously permitted to testify that Phillips — on the day after Evans was killed — had confessed to a friend that he and Mosley had gone to the apartment complex on the previous day and that Mosley shot Evans. The friend worked with C. N., and he subsequently told her what Phillips had said. Mosley argues that this double hearsay was inadmissible. Mosley, however, failed to object to this testimony at trial, and so, we review the admission of the testimony only for plain error.[2] See OCGA § 24-1-103 (d) ("[n]othing in this Code section shall preclude a court from taking notice of plain errors affecting substantial rights although such

---

[2] The trial in this case occurred after January 1, 2013, so Georgia's new Evidence Code applies. See Ga. L. 2011, p. 99, § 101.

4

errors were not brought to the attention of the court"). To show plain error, Mosley must point to an error that was not affirmatively waived, the error must have been clear and not open to reasonable dispute, the error must have affected his substantial rights, and the error must have "seriously affected the fairness, integrity or public reputation of judicial proceedings." Gates v. State, 298 Ga. 324, 327 (3) (781 SE2d 772) (2016); see also Merritt v. State, 292 Ga. 327, 330-331 (2) (737 SE2d 673) (2013) (same standard for plain error under old Evidence Code). We find no such error in the admission of C. N.'s testimony.

In the first place, it is not clear that the admission of that testimony was error at all. See OCGA § 24-8-805 ("[h]earsay included within hearsay shall not be excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule"). Phillips testified at Mosley's trial, and his testimony was consistent with what C. N. described; Phillips said that he and Mosley went to the victim's apartment complex, that Mosley shot the victim, and that he told his friend about the shooting. But Mosley challenged Phillips's credibility at trial, suggesting that he fabricated this testimony only after the State gave him a favorable plea offer. OCGA § 24-6-613 (c) provides that "[a] prior consistent statement shall be admissible to rehabilitate a witness

if the prior consistent statement logically rebuts an attack made on the witness's credibility," and it specifically provides that a prior consistent statement "logically rebuts" an allegation of recent fabrication only if the prior consistent statement was "made before the alleged recent fabrication or improper influence or motive arose." See Cowart v. State, 294 Ga. 333, 339-340 (4) (a), n. 10 (751 SE2d 399) (2013). Here, Phillips confessed to his friend only a short time after the shooting, and that confession predated the plea offer that, according to Mosley, had led Phillips to fabricate his testimony. And because Phillips testified and was subject to cross-examination about his prior statement, testimony about what Phillips said to his friend shortly after the shooting would have been admissible as a prior consistent statement made by Phillips. See OCGA § 24-8-801 (d) (1) (A) ("[a]n out-of-court statement shall not be hearsay if the declarant testifies at the trial or hearing, is subject to cross-examination concerning the statement, and the statement is admissible as a prior inconsistent statement or a prior consistent statement under Code Section 24-6-613 or is otherwise admissible under this chapter").

Second, Phillips's friend also testified at Mosley's trial, although he denied that he ever had a conversation with C. N. about Phillips's confession.

6

Moreover, the friend minimized the scope of what Phillips had told him, claiming he could not remember much about it and that Phillips did "not necessarily" say anything at all about Mosley. The friend was provided with an opportunity to explain his prior inconsistent statement to C. N., and Mosley had the opportunity to cross-examine him about it. See OCGA §§ 24-8-801 (d) (1) (A), 24-6-613 (b). As a result, C. N.'s testimony about what Phillips's friend had told her was admissible, and it was not error — much less, plain error — for the trial court to have allowed it.

(b) Mosley also complains about testimony from a police investigator that described statements he received from three different witnesses. First, Mosley points to testimony about a statement given by Mosley's brother, which implicated Mosley in the murder. But again, Mosley did not object to this testimony at trial, and we review it only for plain error. Even if we assume that the investigator's testimony was admitted in error, Mosley has not shown that it "probably did affect the outcome below." Gates, 298 Ga. at 328 (3) (citation omitted). The oral statement made by Mosley's brother (as described at trial by the police investigator) was the same as the brother's contemporaneous written statement, and the written statement was properly admitted into evidence

7

without objection. As a result, the investigator's testimony about the brother's oral statement was merely cumulative, and its admission was not plain error. See Fraser v. State, 329 Ga. App. 1, 2 (763 SE2d 359) (2014).

(c) The police investigator also testified about a statement provided to him by Butler, who was one of the men who fled the scene in Mosley's Impala. Mosley objected to the investigator's testimony on the grounds of improper bolstering, but he did not renew his objection after the State laid a foundation for admitting the testimony.[3] In any event, the investigator's testimony would have been admissible as a prior consistent statement made by Butler. At trial, Butler testified on behalf of the State, and Mosley attacked his credibility by suggesting that he had fabricated his testimony after the State gave him a favorable plea offer, in much the same way that Mosley attacked Phillips's credibility as described in Division 2 (a). The police investigator's testimony was admissible because it "logically rebut[ted]" the attack on Butler's credibility by showing that his testimony was unchanged from the story that he initially provided before any plea agreement could be negotiated. OCGA § 24-6-613 (c).

---

[3] Mosley did object later, during the investigator's testimony about the statement provided by Butler, but Mosley asked for the objection to be described and considered at a bench conference that is not contained in the record. An off-the-record objection does not preserve an issue for appellate review.

8

(d) Finally, the police investigator testified about a tip that he received from C. N., and Mosley objected on the basis that the investigator's testimony about what C. N. told him was hearsay. The State argued that the testimony was admissible as a prior consistent statement because Mosley attacked C. N.'s credibility when he suggested that Phillips's friend did not trust her enough to have confided in her about a murder involving Phillips. Given that C. N.'s credibility could have been attacked on the same grounds at the time she provided a tip to the police, the tip is not a prior consistent statement under OCGA § 24-6-613 (c), and the trial court appears to have erred when it found otherwise. But no harm appears from this error. The investigator's description of the tip provided to him by C. N. was no different than the written statement that C. N. provided to the police on the same day, and that statement had already been introduced into evidence without objection. Moreover, the evidence of Mosley's guilt — primarily based upon his own admissions to the police — was overwhelming, and there is no reasonable probability that the jury's verdict would have been different had the trial court excluded the testimony about C. N.'s oral statement to the police investigator. See London v. State, 274 Ga. 91, 94 (4) (c) (549 SE2d 394) (2001).

Judgment affirmed. All the Justices concur.

9