In the Supreme Court of Georgia

Decided:   July 5, 2016

S16A0511.  WILLIAMS v. THE STATE.

BENHAM, Justice.

Appellant Travis Williams appeals his convictions for felony murder and related crimes stemming from the death of his seven-month-old daughter Syikiria Williams.[1]   Appellant alleges the evidence was insufficient for his

---

[1] The victim died on September 29, 2008.  On May 13, 2009, a Liberty County grand jury indicted appellant, along with Casey Nicole Shuman, on charges of malice murder, felony murder (aggravated assault), aggravated assault, cruelty to children in the second degree (three counts), and deprivation of a minor (two counts).  From July 21, 2010, to July 23, 2010, the State tried appellant before a jury which, at the trial's conclusion, returned verdicts of guilty on all charges except for malice murder.  The trial court sentenced appellant to life for felony murder, ten years to be served concurrently on each of the three convictions for cruelty to children in the second degree, and twelve months to be served concurrently for each of the two convictions for deprivation of a minor.  The aggravated assault conviction merged for sentencing purposes.  On August 13, 2010, appellant moved for a new trial and amended the motion on February 11, 2015. The trial court held a hearing on the motion as amended and denied it on June 2, 2015.  Appellant filed a notice of appeal on June 15, 2015 and, upon receipt of the record, the case was docketed to the April 2016 Term of this Court and submitted for a decision to be made on the briefs.

conviction and alleges the trial court gave an improper charge on criminal negligence. For reasons set forth below, we affirm.[2]

1. Appellant alleges the evidence was insufficient to convict him. In a light most favorable to upholding the verdicts, the evidence shows that in September 2008, appellant was living with the victim, the victim's mother Casey Nicole Shuman, and two other minor children. The victim had been born prematurely in February 2008 and only lived in the family's home for four months prior to her death. During that time, the infant was required to be on a heart monitor, but Shuman testified that she and appellant had stopped using the heart monitor. Shuman also testified that the child was not current on her vaccinations.

Appellant was unemployed for the three weeks prior to the child's death and Shuman supported the family by driving a cab on-call 24 hours a day, seven days a week. Because Shuman was working most of the time, appellant had the task of caring for the children. On September 27, 2008, appellant and Shuman had an argument and Shuman left the house. When Shuman returned,

---

[2] After all the briefs were submitted in this appeal, appellant filed a motion to remand for the purpose of raising an ineffective assistance claim predicated on having new evidence. Appellant did not identify the nature of the new evidence in his motion. We now deny appellant's motion for remand and resolve the appeal based on the enumerated errors set forth in the brief.

she discovered Syikiria was "laying funny," unresponsive, and bleeding from a previously burned toe.[3] After a lengthy delay, Shuman took Syikiria to the hospital over appellant's objection and the child died two days later. Appellant made an admission to one of his neighbors that he had shaken the child and thought he had hurt her. A video recording was played for the jury in which appellant, who was not arrested or in custody at the time, made admissions to police officers that he had shaken the baby. One of the officers who witnessed appellant's admission testified that when appellant described his shaking of the child, appellant made a "forcefully down-shaking motion with both of his arms."

At trial, a GBI medical examiner testified that the victim suffered from battered child syndrome and that the incident which immediately precipitated her unresponsiveness and eventual death was blunt force trauma consistent with "inflicted violent acceleration-deceleration" and an impact that caused three fractures to the victim's skull. The medical examiner also explained to the jury that the victim had numerous acute and healing injuries which, in their totality, contributed to the child's death. More specifically, in addition to the

---

[3] Appellant told Shuman he had burned the infant's toe when giving her a bath. As discussed infra, the victim actually had more than one burn on more than one toe.

3

three skull fractures, the victim had approximately 99 acute and healing injuries to her body, including bleeding in her brain, eyes and spinal cord; an untreated broken leg; burn injuries to some of her toes; and various bruises, abrasions, scabs, and scars on parts of her body.

Appellant contends the felony murder charge predicated on aggravated assault cannot stand because the prosecution failed to show he used his hands offensively and intentionally to kill his daughter; and instead appellant argues his only intent was to dislodge mucous from the victim. Felony murder does not require the showing of an intent to kill, but only an intent to commit the underlying felony. See Williams v. State, 267 Ga. 771 (2) (a) (482 SE2d 288) (1997). In this case, the indictment stated as to the underlying felony of aggravated assault that appellant "did … assault [the victim] with his hands, instruments which, when used offensively against a person, are likely to result in serious bodily injury, by violently shaking [the victim] …." The evidence elicited at trial comports with the indictment. Appellant was the last person to care for the victim prior to her mother's finding her unresponsive. Appellant admitted to shaking the child and the medical examiner confirmed that the violent acceleration-deceleration of the victim caused the acute injuries, including the fractures of her skull, which led to her death. The evidence was

4

sufficient to authorize a rational jury to find appellant guilty beyond a reasonable doubt of felony murder (aggravated assault) and the other crimes for which he was convicted. Jackson v. Virginia, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979). See also, e.g., Codero v. State, 296 Ga. 703 (1) (770 SE2d 577) (2015); Sanders v. State, 251 Ga. 70 (1) (303 SE2d 13) (1983).

2. Next, appellant contends the trial court erred when it gave a charge on criminal negligence as it related to felony murder and aggravated assault. This allegation of error is without merit. As an initial matter, the instruction on criminal negligence was relevant to the charges of cruelty to children in the second degree and was not given in relation to the charges on felony murder and aggravated assault. Furthermore, the record shows appellant submitted a written request for the pattern charge that was given on criminal negligence, and stated no objection to the trial court's agreeing to give the charge as requested. As such, appellant has waived appellate review of this charge, including plain error review. White v. State, 297 Ga. 218 (2) (773 SE2d 219) (2015).

Judgment affirmed. All the Justices concur.