**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 20, 2024**

# In the Court of Appeals of Georgia

A24A0459. WILLIAMS v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Leroy Williams was convicted of one count of child molestation. He appeals the denial of his motion for new trial. Williams argues that the evidence does not support the conviction, but we hold that the evidence was sufficient to authorize the jury to find that Williams committed the crime of child molestation. Williams argues that the trial court erred by refusing to instruct the jury on statutory rape as a lesser-included offense of child molestation, but we hold that Williams did not preserve any claim of error in the jury instruction. So we affirm.

1. *Procedural history*

The day after the trial court entered the judgment of conviction on September 1, 2005, Williams filed a motion for new trial. New counsel amended the motion for new trial in 2022 and 2023. The trial court entered the order denying the motion for new trial on May 31, 2023. The appellate record contains no explanation for the more than 17-year delay between the filing of the motion for new trial and the order denying it.

Williams did not file a timely notice of appeal from the order denying the motion for new trial. So he filed an application for a writ of habeas corpus in the trial court seeking to restore his right to file a notice of appeal. See *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022) (eliminating the out-of-time appeal procedure). The trial court granted the application, and Williams filed a timely notice of appeal.

2. *Sufficiency of the evidence*

"On appeal, the evidence is viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence." *Williams v. State*, 298 Ga. 208, 213 (2) (a) (779 SE2d 304) (2015). "When evaluating the sufficiency of evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have

2

found the essential elements of the crime beyond a reasonable doubt." *Session v. State*, 316 Ga. 179, 181 (2) (887 SE2d 317) (2023) (citation and punctuation omitted). See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

So viewed, the evidence presented at trial showed that Williams went to the victim's house, looking for her brother. The victim, who was 15 years old at the time, was alone in the house. The victim told Williams that her brother was not there. Williams left the house, and the victim went to take a shower.

When the victim exited the bathroom, Williams was in her living room. He offered to pay her for sex, but she declined and told Williams to leave. Instead, Williams followed the victim into her bedroom, where he performed oral sex on her and forced her to engage in intercourse with him, while holding her down on the bed. The victim did not consent and she told Williams to stop.

This evidence was sufficient to support a conviction of child molestation. OCGA § 16-6-4 (a) (1) ("A person commits the offense of child molestation when such person [d]oes an immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]") (punctuation omitted). See also *Gibbs v. State*,

3

256 Ga. App. 559, 560 (568 SE2d 850) (2002) ("victim's testimony alone was sufficient to sustain the conviction"); *Cobb v. State*, 254 Ga. App. 48 (1) (561 SE2d 124) (2002) (same).

3. *Jury charge*

Williams argues that the trial court erred by refusing to instruct the jury on statutory rape as a lesser-included offense of child molestation. We hold that, under the law in effect at the time of Williams's trial in 2005, he waived any error. And we do not review Williams's argument for plain error, because the statute establishing plain-error review of jury charges applies only to cases tried on or after July 1, 2007.

During the charge conference, Williams requested that the trial court instruct the jury on statutory rape as a lesser-included offense of child molestation. The trial court refused the request. After the trial court had instructed the jury, the court asked whether Williams objected to the charge. Defense counsel responded, "No, Your Honor." "[A]nd counsel did not reserve the right to later challenge the charge." *Sampson v. State*, 282 Ga. 82, 84-85 (5) (646 SE2d 60) (2007). Under the law in effect at the time of Williams's 2005 trial, "[t]he failure to reserve objections to the content of the jury instructions waive[d] the right to assert the purported error on motion for

4

new trial or on appeal." Id. at 85 (5). Accord *Brown v. State*, 278 Ga. 724, 730 (8) (609 SE2d 312) (2004). (Williams's claim was not preserved under current authority, either. See *Rountree v. State*, 316 Ga. 691, 693 (1) (889 SE2d 803) (2023) ("objections at a charge conference do not suffice to preserve objections to the charge as subsequently given") (citation and punctuation omitted)).

We do not review Williams's argument for plain error because OCGA § 17-8-58 (b), which established plain-error review of jury charges, did not "become effective [until] July 1, 2007, and [applies] to all trials which occur[ed] on or after July 1, 2007." Ga. L. 2007, p. 595, § 5. Williams's trial occurred in 2005.

For these reasons, we do not reach Williams's argument.

*Judgment affirmed. Mercier, C. J., and Rickman, J., concur.*