**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 27, 2024**

# In the Court of Appeals of Georgia

A24A0166. STEWARTSON v. THE STATE.

MCFADDEN, Presiding Judge.

Sanjay Stewartson was charged with malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a felony. The charges arose from a May 2018 incident in which the victim died from a gunshot wound. After a jury trial, Stewartson was convicted of the lesser-included offense of voluntary manslaughter as well as possession of a firearm during the commission of a felony. He appeals the denial of his motion for new trial.

Stewartson argues that trial counsel performed deficiently by failing to preserve his objection to the trial court's decision to instruct the jury on mutual combat. He also argues that the trial court plainly erred in giving the mutual-combat instruction,

since he asserted a justification defense. We hold that the trial court did not err in instructing the jury on mutual combat and so that counsel did not perform deficiently by failing to preserve his objection to the charge. Stewartson also argues that the trial court erred by allowing a state's witness to testify about a surveillance video that was not introduced into evidence. We hold that the trial court did not plainly err in this regard, either. So we affirm.

1. *Trial evidence*

"Viewed in the light most favorable to the jury's verdicts, the evidence presented at trial showed as follows." *Madera v. State*, ___ Ga. ___, ___ (1) (___ SE2d ___) (Case No. S24A0148, decided Mar. 5, 2024). Before the incident, the victim had lived with Stewartson for three months. The victim believed that Stewartson had stolen some of his clothing and cologne, and Stewartson believed that the victim had stolen some of his belongings. They exchanged threatening text messages.

The incident that led to the victim's death occurred in a strip shopping mall in DeKalb County. The victim was standing outside of his car, which

was parked in the strip mall's parking lot, when Stewartson and two other people drove up. Stewartson got out of the car with a gun in his hand, and he and the victim exchanged words and scuffled.

The victim retrieved something concealed in a white towel or shirt from his car's glove compartment. While holding the concealed item, the victim approached Stewartson. Shots were fired, and the victim fell to the ground. The victim died at the scene from a gunshot wound.

At the crime scene, law enforcement officers recovered a handgun near the victim's body. The gun showed evidence of having misfired.

Stewartson testified that he acted in self-defense. He testified that he happened to see the victim in the strip mall parking lot when he went there to visit a cellular telephone store and a restaurant. Stewartson exited the car and began speaking with the victim. According to Stewartson, the victim asked to go to Stewartson's house to get his belongings, and Stewartson responded that the victim could not go to his house until he had returned Stewartson's belongings. Stewartson testified that he was not angry.

According to Stewartson, the victim raised his voice, and the two began pushing each other; the victim tried to push Stewartson into the victim's car, and Stewartson pushed him back. Stewartson testified that the victim retrieved a gun from the glove compartment of his car and pulled the trigger, but the gun did not fire. The men began scuffling again and Stewartson's gun discharged.

2. *Mutual-combat jury instruction*

In two enumerations of error, Stewartson takes exception to the trial court's charge on mutual combat.

> Mutual combat occurs when there is combat between two persons as a result of a sudden quarrel or such circumstances as indicate a purpose, willingness, and intent on the part of both to engage mutually in a fight. . . . See also OCGA § 16–3–21 (b) (3) [("combat by agreement")]; *Donaldson v. State*, 249 Ga. 186, 188 (3) (289 SE2d 242) (1982) ("(m)utual combat is not a mere fight or scuffle. It generally involves deadly weapons and the mutual intention of using them"). Compare *Carreker v. State*, 273 Ga. 371 (2) (541 SE2d 364) (2001) (mutual combat charge authorized where evidence shows "both parties intended to resolve their differences by fighting each other").

*Carruth v. State*, 290 Ga. 342, 348 (6) (721 SE2d 80) (2012) (citation omitted).

Stewartson opposed a mutual-combat charge because he argued self-defense, and mutual combat precludes that defense. See OCGA § 16-3-21 (b) (3) ("A person is not justified in using force under [a theory of self-defense or defense of another] if he . . . was engaged in a combat by agreement unless he withdraws from the encounter and effectively communicates to such other person his intent to do so and the other, notwithstanding, continues or threatens to continue the use of unlawful force.").

Stewartson contends that the trial court plainly erred in charging the jury on mutual combat and that his attorney performed deficiently by failing to renew his objection to that charge after it was given. See *Rountree v. State*, 316 Ga. 691, 693 (1) (889 SE2d 803) (2023) ("objections at a charge conference do not suffice to preserve objections to the charge as subsequently given") (citation and punctuation omitted).

Because Stewartson's claim regarding the giving of the mutual-combat instruction is reviewed for plain error, "we will reverse the trial court only if the instructional error was not affirmatively waived, was obvious beyond reasonable dispute, likely affected the outcome of the proceedings, and seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Herrington v. State*,

300 Ga. 149, 151 (2) (794 SE2d 145) (2016) (citation and punctuation omitted). Stewartson has not shown error, much less plain error.

Stewartson argues, citing *Russell v. State*, 303 Ga. 478, 481 (2) (813 SE2d 380) (2018), that when a defendant asserts a self-defense claim and contends that he had no intent to kill, a mutual-combat instruction is not warranted. We disagree.

In the first place, it is fundamental that as long as there is some supporting evidence, both sides are entitled to charges on all of their contentions. See *Sanders v. State*, 283 Ga. 372, 375 (2) (c) (659 SE2d 376) (2008) (holding that if there is any evidence from which the jury could have found that both parties intended to resolve their differences by fighting each other with deadly weapons, there is no error in giving a charge on mutual combat).

And *Russell* is not to the contrary. *Russell* is different from this case because the appellant in that case, Jermorris Russell, was making the argument opposite to the one Stewartson makes here. Russell advocated for a charge on mutual combat. It appears that for Russell, like most defendants charged with murder, such a charge would have been advantageous. A mutual-combat charge is generally[1] beneficial to defendants —

---

[1] We recognize that a line of cases state that a mutual combat charge "could only have benefitted" a defendant. *Sinkfield v. State*, 266 Ga. 726, 727 (2) (470 SE2d

6

and in fact did benefit Stewartson here — because "a charge on mutual combat enables a jury to find a criminal defendant guilty of voluntary manslaughter in lieu of murder." *Sinkfield*, 266 Ga. at 727 (2). So Russell complained on appeal that a mutual-combat charge had not been given.

---

649) (1996). Accord *White v. State*, 297 Ga. 218, 219 (2) (773 SE2d 219) (2015) ("Moreover, because the mutual combat charge authorizes a jury to find the defendant guilty of voluntary manslaughter in lieu of murder, it is a charge that benefits a defendant and, as such, a convicted defendant's complaint that it was improper to give the charge is without merit.") (citation and punctuation omitted); *Sanders*, 283 Ga. at 375 (2) (c).

But there are also cases in which, while following *Sinkfield,* this court has addressed facts that, like those before us today, evidence that a mutual-combat charge is not always a net benefit to defendants — particularly where a defendant offers a justification defense and opts at trial for an all-or-nothing strategy. See *Craw v. State*, 369 Ga. App. 231, 238-239 (2) (893 SE2d 134) (2023) (trial court did not err in giving a charge on mutual combat, even though defendant asserted a justification defense, "[a]nd importantly, because the mutual-combat charge authorizes a jury to find the defendant guilty of voluntary manslaughter in lieu of murder, it is a charge that benefits a defendant and, as such, a convicted defendant's complaint that it was improper to give the charge is without merit" ) (citation and punctuation omitted); *Johnson v. State*, 350 Ga. App. 478, 485 (829 SE2d 652) (2019) ("although the charge on mutual combat may have carried a cost to the justification defense, it presented the benefit of improving the chances that the jury might find [the defendant] guilty of only voluntary manslaughter, not murder") (citation and punctuation omitted).

*Craw* presupposes that justification defenses raised in this context will always be without merit. But our disposition of the enumeration of error before us today turns on the sufficiency of the evidence to sustain the charge. So we do not further address that line of cases.

But our Supreme Court held that Russell had not been entitled to a mutual-combat charge because the evidence did not support such a charge. 303 Ga. at 481-482 (2). The victim and defendant did not "mutually agree[ ] to do anything but playfully shadowbox and wrestle each other;" the victim "seemingly got the better of" the defendant, enraging him; and the victim "who was unarmed, turned away from [the defendant] and ran as shots were fired." Id. (emphasis added).

Stewartson relies on the following passage in *Russell*: "when the defendant asserts he acted in self-defense during a fight and had no intent to kill, then an instruction on mutual combat is not warranted." 303 Ga. at 481 (2). We read that passage[2] to stand only for the unremarkable proposition that a party who does not assert a claim or defense is not entitled to a charge on that claim or defense. It does not follow that a party who does assert a claim or defense is always entitled to a charge on that claim or defense. Supporting evidence is required. And as noted above, the evidence in *Russell* did not support a mutual-combat charge.

---

[2] While that language might also be read to stand for the proposition that criminal defendants may not assert inconsistent defenses, our Supreme Court's more recent authority is to the contrary. See *McClure v. State*, 306 Ga. 856 (834 SE2d 96) (2019).

Because the trial court did not err by instructing the jury on mutual combat, "trial counsel's failure to reserve objections to the trial court's mutual-combat charge did not constitute deficient performance, and [Stewartson's] assertion of ineffective assistance of counsel was properly denied by the [trial] court." *Johnson*, 350 Ga. App. at 485.

3. *Testimony about surveillance video*

Stewartson argues that his Sixth Amendment right to confrontation and Fifth Amendment right to be provided with exculpatory evidence were violated when a detective testified about the events depicted on a surveillance video that had not been preserved and so was not entered into evidence. Stewartson did not object to that testimony, so we review this claim for plain error. OCGA § 24-1-103 (d) ("Nothing in this Code section shall preclude a court from taking notice of plain errors affecting substantial rights although such errors were not brought to the attention of the court.") Stewartson has not shown that the court plainly erred in allowing the testimony.

As detailed above, "[t]o show plain error, a defendant must point to an error

that was not affirmatively waived, the error must have been clear and not open to reasonable dispute, the error must have affected his substantial rights, and the error must have seriously affected the fairness, integrity or public reputation of judicial proceedings." *Kirkland v. State*, ___ Ga. ___, ___ (4) (___ SE2d ___) (Case Nos. S23A0942, S23A0943, decided Feb. 20, 2024) (citation and punctuation omitted).

"Even if we assume that the [detective's] testimony was admitted in error, [Stewartson] has not shown that it probably . . . affect[ed] the outcome below." *Mosley v. State*, 298 Ga. 849, 852 (2) (b) (785 SE2d 297) (2016) (citation and punctuation omitted). The detective's testimony describing what was depicted on the surveillance video mirrored the testimony of other witnesses, including Stewartson. "As a result, the [detective's] testimony [about the depiction on the surveillance video] was merely cumulative, and its admission was not plain error." Id. at 852-853 (2) (b).

*Judgment affirmed. Mercier, C. J., and Rickman, J., concur.*